UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC ANDREW PEREZ,

                        Plaintiff,

          -against-

EXPERIAN, et al.,

                        Defendants.

20-CV-09119 (PMH)

ORDER DENYING REQUEST FOR
PRO BONO COUNSEL

PHILIP M. HALPERN, United States District Judge:

Plaintiff has filed an Application for the Court to Request Counsel. (Doc. 4). For the following reasons, Plaintiff's application is denied

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Here, Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP) on October 30, 2020. (Doc. 1). On November 5, 2020, Chief Judge McMahon denied Plaintiff's IFP application fining that Plaintiff "d[id] not answer any of the questions" in his IFP application and he stated in the application that he "would like to pay [the filing] fee [of] $400." (Doc. 6 at 1). The Court, therefore, directed Plaintiff to either submit an amended IFP application or pay the filing fee. (*Id.*). On November 6, 2020, Plaintiff paid the $400 filing fee (Docket Entry dated Nov. 6, 2020). While Plaintiff states in his application requesting *pro bono* counsel that "Plaintiff is unable to

2

pay for legal representation" (Doc. 4 at 8),[1] Plaintiff was not granted IFP status and has not otherwise established that he qualifies as indigent. Accordingly, Plaintiff's request that the Court appoint *pro bono* counsel is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is denied. The Court instructs the Clerk to terminate ECF No. 4. The Court further instructs the clerk to terminate ECF No. 3, Plaintiff's application to receive electronic case notifications, as the docket reflects that Plaintiff has consented to receiving electronic service. (Doc. 5).

SO ORDERED.

Dated:    December 16, 2020
          New York, New York

_____
          PHILIP M. HALPERN
          United States District Judge

---

[1] Because Plaintiff's application includes inconsistent page numbering, the Court refers to page numbers assigned by PACER.