USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/6/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC ANDREW PEREZ,

                              Plaintiff,

            -against-

EXPERIAN, et al.,

                              Defendants.

20-CV-9119 (MKV)

ORDER OF SERVICE

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff, who is proceeding *pro se*, paid the filing fees to commence this action.

## STANDARD OF REVIEW

      The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.    Order to issue summonses

      The Clerk of Court is directed to issue summonses as to Defendants Citibank, Equifax, Experian, Sequium Asset Solutions, Trans Union, and Verizon. Plaintiff is directed to serve the summons and complaint on each of these defendants within 90 days of the issuance of the

summonses. If within those 90 days, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

**B.     Federal Trade Commission Act (FTCA)**

Plaintiff brings claims under the Federal Trade Commission Act, but the Act does not create a private right of action. *See Naylor v. Case & McGrath, Inc.*, 585 F.2d 557, 561 (2d Cir. 1978) ("[I]t is clear that no private right of action arises under the [FTCA]."); *Alfred Dunhill Ltd. v. Interstate Cigar Co., Inc.*, 499 F.2d 232, 237 (2d Cir. 1974). Rather, the FTCA created the Federal Trade Commission (FTC), delegating specific powers to the FTC to (1) punish and prevent unfair practices and (2) file civil actions for violations of its rules and orders. 15 U.S.C. §§ 57a and 57b; *see Alfred Dunhill Ltd.*, 499 F.2d at 237 ("[T]he provisions of the [FTCA] may be enforced only by the [FTC]. Nowhere does the Act bestow upon either competitors or consumers standing to enforce its provisions."). Put simply, the FTC, not Plaintiff, has the authority to enforce the FTCA's provisions. Thus, the Court dismisses all claims brought under the FTCA.

**C.     Federal Trade Commission**

Plaintiff names as a defendant the FTC, claiming that the FTC was "criminally negligent." (ECF 2, at 9) ("Defendant FTC Federal Trade Commission [footnote omitted] has also been criminally negligent and complicit in all malicious acts perpetrated against Plaintiff Perez."). But a private party cannot prosecute a criminal action in federal court. *See Leek v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune

from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). The Court therefore dismisses all claims brought against the FTC.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is directed to issue summonses as to Defendants Citibank, Equifax, Experian, Sequium Asset Solutions, Trans Union, and Verizon.

The Court dismisses all claims brought under the Federal Trade Commission Act and all claims brought against the Federal Trade Commission.

**SO ORDERED.**

Dated: **January 6, 2021**
**New York, New York**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**