

50 Fountain Plaza
Suite 1700
Buffalo, NY 14202
Phone: 716.853.5100
Fax: 716.853.5199
lippes.com

March 15, 2021

*VIA ECF*
Hon. Mary Kay Vyskocil
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *Perez v. Sequium Asset Solutions, LLC, et al.*, No. 1:20-cv-9119-MKV

Dear Judge Vyskocil:

We are counsel for Defendant Sequium Asset Solutions, LLC ("SAS") in the above captioned matter. Pursuant to your Individual Motion Practice and Rules, CSI moves for a pre-motion conference and requests leave to file a Motion for Judgment on the Pleadings in this case.

Plaintiff filed his Complaint on January 6, 2021 against SAS and the other named defendants alleging violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 et seq. ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Federal Trade Commission Act, 15 U.S.C. §45 ("FTC Act"). Plaintiff's factual allegations arise from what he describes as a criminal conspiracy, supervised and condoned by Congress and the FBI, involving both fraud and identity theft. Complaint at ¶25. Plaintiff's claims under § 1681s-2(a) of the FCRA and the FTC Act fail because Plaintiff has no private right of action to bring such claim. Plaintiff's claim under § 1681s-2(b) of the FCRA fails because SAS did not act as a furnisher of information regarding the debt at issue. Finally, Plaintiff's FDCPA claim fails because Plaintiff fails to state a claim pursuant to the FDCPA.

A.    *Standard of Law*

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by "the same standard" as a motion to dismiss under Rule 12(b)(6). *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (per curiam). The Court accepts all of the non-movant's factual allegations as true and draws all reasonable inferences in the non-movant's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion for judgment on the pleadings, a party must plead sufficient allegations "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A grant of a motion pursuant to Rule 12(c) is proper 'if, from the pleadings, the moving party is entitled to judgment as a matter of law.'" *Dargahi v. Honda Lease Trust*, 370 Fed. App'x. 172, 174 (2d Cir. 2010) (quoting *Burns Int'l Sec. Servs., Inc. v. Int'l Union*, 47 F.3d 14, 16 (2d Cir. 1995) (per curiam)).

**Brendan H. Little** | Partner | blittle@lippes.com

**New York:** Albany, Buffalo, New York City • **Florida:** Ponte Vedra Beach • **Ontario:** Greater Toronto Area • **Washington, D.C.**



"On a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quotation omitted). The Court may also review any document incorporated by reference in one of the pleadings. *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004). The Court may also consider a document not specifically incorporated by reference but on which the Complaint relies and which is integral to it. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

B.   *Plaintiff's FCRA claim under § 1681s-2(a) fails because he has no private right of action*

Plaintiff's first cause of action alleges that SAS violated the FCRA pursuant to 15 U.S.C § 1681s-2(a)(1)(B) as SAS purportedly continued to furnish inaccurate information to Credit Reporting Agencies ("CRAs"). Complaint at ¶ 44-45. However, Plaintiff's claim under § 1681s-2(a) must fail because the FCRA provides for no private right of action under this section.

Subsection 1681s-2(a) provides that a furnisher of information has a duty to report information accurately to credit reporting agencies and also has an ongoing duty to update and correct the information that it reports. These duties, however, are only enforceable by a government agency or official—no private right of action is available under this provision. See § 1681s-2(a); *Longman v. Wachovia Bank, N.A.*, 702 F. 3d 148, 151 (2d Cir. 2012); *Howard v. Mun. Credit Union*, 2008 U.S. Dist. LEXIS 124085, at *20 (S.D.N.Y. Jan. 24, 2008); *Prakash v. Homecomings Fin.*, No. 05-CV-2895 (JFB) (VVP), 2006 U.S. Dist. LEXIS 62911, at *5 (E.D.N.Y. Sept. 5, 2006) ("[T]he plain, unambiguous language of the statute limits the enforcement of this subsection to government agencies and officials." (citing *Redhead v. Winston & Winston, P.C.*, 01 CIV. 11475 (DLC), 2002 U.S. Dist. LEXIS 17780, at *12-13 (S.D.N.Y. Sep. 20, 2002) ("There is no private cause of action under Section 1681s-2(a), for the FCRA limits the enforcement of this subsection to government agencies and officials.").

The case law is quite clear—the FCRA does not create a private cause of action under § 1681s–2(a) as Congress clearly restricted its enforcement to federal and state government officials and authorities. Id. As such, Defendant respectfully requests that this Court dismiss Plaintiff's claim pursuant to 15 U.S.C. § 1681s-2(a).

C.   *Plaintiff's FCRA claim under § 1681s-2(b) fails because Defendant is not a furnisher*

Plaintiff also alleges that SAS violated § 1681s-2(b) of the FCRA by failing to properly investigate Plaintiff's dispute of the accuracy of the account information purportedly provided by SAS to the CRAs. Section 1681s-2(b) "regulates the duties of a furnisher of information once that furnisher has received notice from a credit reporting agency that there is a dispute concerning the completeness or accuracy of any information the credit reporting agency has received. *Kane v. Guaranty Residential Lending, Inc.*, No. 04–CV–4847, 2005 WL 1153623, at *4 (S.D.N.Y. May 16, 2005). The FCRA does not specifically define "furnishers of information," but, courts in this Circuit have interpreted it to mean "entities that transmit,



to credit reporting agencies, information relating to debts owed by consumers." *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 426 n.11 (S.D.N.Y. 2010) (internal quotation omitted).

Here, SAS is not a "furnisher of information" under § 1681s-2(b) of the FCRA. Specifically, SAS does not furnish information to CRAs on behalf Verizon. (See Doc. 29-1). Thus, SAS did not furnish Plaintiff's Verizon customer information to CRAs in this matter. Id. Given that SAS did no credit reporting on Plaintiff's account (i.e., no furnishing) it cannot be held liable under the FCRA as alleged by Plaintiff.

D.   *Plaintiff's FTC Act claim fails because he has no private right of action*

Plaintiff claims that SAS violated Section 5(a) of the FTC Act, 15 U.S.C. § 45a by making false representations and engaging in deceptive acts or practices concerning his debts. Complaint, ¶¶ 56-58. However, "[b]ecause the only relief that the Federal Trade Commission Act provides is before the Commission, it affords no support whatsoever for a private cause of action." *Belfiore v. Procter & Gamble Co.*, 311 F.R.D. 29, 75 (E.D.N.Y. 2015) (citing 10A Fletcher Cyc. Corp. § 4985: 56V(C)(4) (Sept. 2015)); *see also Mon–Shore Mgmt., Inc. v. Family Media*, No. 83 Civ. 5550, 1985 WL 4845, at *1 (S.D.N.Y. Dec. 23, 1985) ("this Court declines to recognize a private cause of action under the FTCA").

E.   *Plaintiff's Complaint fails to state a claim under the FDCPA*

Plaintiff alleges that SAS violated the FDCPA because SAS "did not issue Plaintiff Perez his debt settlement letter as requested, because of the illegal scheme based on the illegal issuance of this debt on Perez's credit file." Complaint, ¶¶37; 54. However, the FDCPA does not encompass any such requirement. It is a fundamental requirement that a plaintiff satisfy the pleading standards under Rule 8 of the Federal Rules of Civil Procedure for any claim brought. *See Ehrich v. RJM Acquisitions LLC*, 2009 WL 4545179, at *3 (E.D.N.Y. Dec. 4, 2009) (dismissed complaint where plaintiff failed to connect an alleged FDCPA violation to the language of the statute). Here, Plaintiff claims SAS violated the FDCPA by failing to provide him with a requested "debt settlement letter." However, as explained, there is no requirement within the FDCPA for a debt collector to provide a debt settlement letter.

Given the foregoing, SAS believes that a Motion for Judgment on the Pleadings would be an effective and proper means to dispose of the claims in this case. As such, SAS respectfully requests that this Court grant leave for SAS to file and serve its motion, and requests that this Court set a briefing schedule on SAS's Motion.

Thank you for your courtesy and cooperation in this matter.



Very truly yours,

LIPPES MATHIAS WEXLER FRIEDMAN LLP

*/s Brendan H. Little*

Brendan H. Little

BHL/bmo

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, I electronically filed the foregoing Motion seeking a pre-motion conference to be served on all counsel of record via the CM/ECF electronic filing system which will automatically send email notification of such filing. In addition, a copy of the foregoing was sent to the following via United States Mail:

    Eric Andrew Perez
    421 8th Avenue, Unit #93
    New York, NY 10116

    /s Brendan H. Little
    Brendan H. Little