

**Seyfarth Shaw LLP**

620 Eighth Avenue

New York, New York  10018

**T** (212) 218-5500

**F** (212) 218-5526

cstieber@seyfarth.com

T (212) 218-3382

www.seyfarth.com

March 22, 2021

**VIA ECF**
Hon. Mary Kay Vyskocil
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      RE:    Perez v. Equifax, et. al.,
                 Case No. 1:20-cv-9119-MKV

Dear Judge Vyskocil:

       On behalf of Defendant Equifax Information Services LLC ("Equifax") (incorrectly sued as "Equifax"), and as per your Individual Motion Practice and Rules, Equifax respectfully requests a pre-motion conference and requests leave to file a Motion to Dismiss pursuant to FRCP 12(b)(6).

       *Pro se* Plaintiff's Complaint against Equifax and other Defendants alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA"), and the Federal Trade Commission Act, 15 U.S.C. § 45 ("FTC Act"). Plaintiff's factual allegations stem from what he describes as a criminal conspiracy, supervised and condoned by Congress and the FBI, involving both fraud and identity theft. See Compl. ¶ 25. Plaintiff's claims under § 1681 fail because the FCRA does not require CRAs to report every piece of information about a consumer (including, as alleged, a complete employment history), and Plaintiff does not allege any inaccuracies with regard to Equifax's reporting of his employment history.  Additionally, with respect to any other alleged inaccuracies in his credit file (which Equifax denies), Plaintiff has failed to state a claim for relief against Equifax because, even crediting Plaintiff's allegations, the FCRA is not a strict liability statute and an error alone does not give rise to a cause of action. Plaintiff's claims under § 1681s-2 of the FCRA and the FTC Act fail because Plaintiff has no private right of action to bring such claim, and with respect to § 1681s-2, because Equifax did not act as a furnisher of information. Finally, Plaintiff fails to state a claim against Equifax pursuant to the FDCPA, as Equifax is not a debt collector.

A.    *Legal Standard*

       To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  <u>Ashcroft v. Iqbal,</u> 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009); <u>Bell Atlantic v. Twombly</u>, 550 U.S.544, 570 (2007).  "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" <u>Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC</u>, 595 F.3d 86, 91 (2d Cir. 2010) (quoting <u>Twombly</u>, 550 U.S. at 555).



"While pro se complaints are read liberally 'to raise the strongest arguments they suggest,' they must still state a plausible claim for relief." Shostack v. Diller, No. 15-cv-2255-GBD-JLC, 2015 WL 5535808 (S.D.N.Y. Sept. 16, 2015) (citation omitted).

B.   *Plaintiff Fails to State an FCRA Claim Against Equifax*

Plaintiff alleges that Equifax maliciously misreported an incomplete work history and inaccurate information relating to his credit file. (See Compl. ¶¶ 28-29). Plaintiff further alleges that Equifax has "arbitrarily assigned credit scores based on the needs and illicit goals of a combination of federal and state agencies based on supporting their needs for [his] socio-economic oppression," and that it is "in collusion with unknown actors [to create] a racket and scheme to disenfranchise en masse various individuals whom they have targeted for illegal monetization and oppression." (*Id.* at ¶ 30-31). Plaintiff alleges that he "has reported these schemes perpetrated against him by a group of known criminal informants from Staten Island and their criminal law enforcement handlers." (*Id.* at ¶ 33).

First, with regard to reporting Plaintiff's alleged "incomplete work history," Equifax does not have an affirmative duty to report every piece of consumer information and there is no plausible claim under the FCRA for such assertion.  See, e.g., Peterson v. Equifax Info. Servs. LLC, Case No. 1:16-CV-3528- WMR-LTW, 2018 WL 7348859, at *8 (N.D. Ga. Dec. 27, 2018) ("The FCRA does not require a consumer reporting agency to add new accounts at a consumer's request."); Aclys Int'l, LLC v. Equifax, Inc., Case No. 2:08-CV-00954, 2010 WL 1816248, at *3 (D. Utah May 5, 2010) ("[The] FCRA does not require credit reporting agencies to include all relevant information about an individual..."), aff'd, 438 F. App'x 689 (10th Cir. 2011); Ray v. Equifax Info. Servs., LLC, No. 1-04-CV-0482-JOF, 2008 WL 11322890, at *8 (N.D. Ga. Feb. 15, 2008) ( "[c]onsumer reporting agencies are not required to include all existing or derogatory or favorable information about a consumer in their reports").

Second, even crediting Plaintiff's allegations of inaccurate reporting as to other items on his credit file, Plaintiff has failed to plead a valid claim against Equifax. Plaintiff attributes the alleged inaccurate reporting to a criminal conspiracy, not a violation of an obligation under the FCRA.  It is well settled that "…the FCRA does not make reporting agencies strictly liable for all inaccuracies." Whelan v. Trans Union Credit Reporting Agency, 862 F,Supp 824, 831 (E.D.N.Y. Sept. 8, 2004) (citing Cahlin v. General Motors Acceptance Corp., 936 F.2d 1151, 1156 (11th Cir. 1991). Aside from alleging certain inaccuracies, Plaintiff has failed to plead any other allegations or other necessary elements sufficient to state an FCRA claim. Indeed, Plaintiff has not even identified a specific provision of the FCRA that is alleged to have been violated by Equifax that relates to obligations by a consumer reporting agency.  Consequently, Plaintiff's Complaint should be dismissed.

C.   *Plaintiff's Other Alleged Causes of Action are Not Plausible Claims Against Equifax as a Consumer Reporting Agency.*

Plaintiff's other allegations appear to relate solely to the alleged furnishers, debt collectors and/or the government. However, to the extent Plaintiff attempts to assert such claims against Equifax, none are viable.  For example, Plaintiff's allegations of a violation of Section 1681s-2 are premised upon the reporting of a debt by a furnisher to the credit bureaus, not Equifax's reporting once that information is received in its capacity as a consumer reporting agency. See Compl., ¶¶ 26-28, 45.   Section 1681s-2 only "regulates the duties of a furnisher of information", not a



Hon. Mary Kay Vyskocil
March 22, 2021
Page 3

consumer reporting agency such as Equifax.. <u>Kane v. Guaranty Residential Lending, Inc.</u>, No. 04-cv-4847, 2005 WL 1153623, at *4 (S.D.N.Y. May 16, 2005).

Similarly, while not appearing to be brought against Equifax, Plaintiff's FDCPA claim could not be, as Equifax is not a "debt collector." <u>See</u> 15 U.S. § 1692a(6)).

Likewise, Plaintiff's claim for violation of Section 5(a) of the FTC Act, while not likely directed at Equifax, would nonetheless fail as the statute "does not provide for a private right of action." <u>Shostack</u>, 2015 WL 5535805, at *9 (citing <u>Alfred Dunhill Ltd v. Interstate Cigar Co</u>., 499 F.2d 232, 237 (2d Cir. 1974), <u>Oliver v. U.S. Bancorp</u>, No. 14-cv-8948- PKC, 2015 WL 4111908, at *6 (S.D.N.Y. July 8, 2015).

Lastly, throughout his complaint, Plaintiff makes various references to defamation and identity theft under civil and criminal statutes. Such claims are (1) not well-plead pursuant to Rule 8, and/or (2) are expressly preempted by the FCRA. <u>See</u> 15 U.S.C. §§ 1681t (no "requirement of prohibition may be imposed under the laws of any State" with respect to "any subject matter regulated under 15 U.S.C. § 1681s-2"), 1681h(e) (no cause of action for common law claims against consumer reporting agencies for their credit reporting activities unless the claims are based in malice or willful intent to injure.)).

## **CONCLUSION**

For each of the foregoing reasons, Equifax respectfully requests a pre-motion conference and leave to file a Motion to Dismiss pursuant to FRCP 12(b)(6).

Very truly yours,

SEYFARTH SHAW LLP

*/s/ Courtney Stieber*

Courtney Stieber