UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC ANDREW PEREZ, <br><br> *Plaintiff,* <br><br> -against- <br><br> EXPERIAN; EQUIFAX; TRANS UNION; VERIZON; SEQUIUM ASSET SOLUTIONS; FEDERAL TRADE COMMISSION; and CITIBANK, <br><br> *Defendants.* | Case No.: 1:20-cv-09119-MKV <br><br> **ANSWER OF DEFENDANT NEW YORK SMSA LIMITED PARTNERSHIP, D/B/A VERIZON WIRELESS TO AMENDED COMPLAINT** |

Defendant **NEW YORK SMSA LIMITED PARTNERSHIP, D/B/A VERIZON WIRELESS** ("Defendant"), by and through its attorneys, McGIVNEY, KLUGER, CLARK & INTOCCIA, P.C., hereby answers the Amended Complaint ("Complaint") of Plaintiff Eric Andrew Perez ("Plaintiff"), for itself only, as follows:[1]

### JURISDICTION AND VENUE

1.      Answering Paragraph 1 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff attempts to allege an action purportedly arising from alleged violations of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45 *et seq*., Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.  Defendant denies violating the FTC Act, the FCRA, the FDCPA, or any other law and further denies that Plaintiff is entitled to any damages, costs, fees, or any other relief from or against Defendant.

7.      Answering Paragraph 7 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant

---

[1] The Complaint's headings are repeated herein for organizational purposes only and should be considered denied.

denies these allegations to the extent they misstate the law.[2]

## PLAINTIFF

8.      Answering Paragraph 8 of the Complaint, Defendant admits that Plaintiff has filed this action as a *pro se* litigant. Except as stated, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

## DEFENDANTS

9.      Answering Paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

10.     Answering Paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

11.     Answering Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

12.     Answering Paragraph 12 of the Complaint, Defendant admits that it is an entity engaged in business within the telecommunications industry and that a "Verizon" corporate office is located at 140 West St., New York, NY 10007.  The remaining allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

13.     Answering Paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis,

---

[2] The paragraph numbering of the Answer corresponds to the erroneous paragraph numbering of the Complaint.

denies them.

14.     Answering Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

15.     Answering Paragraph 15 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

16.     Answering Paragraph 16 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

17.     Answering Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

18.     Answering Paragraph 18 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

19.     Answering Paragraph 19 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

20.     Answering Paragraph 20 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

21.     Answering Paragraph 21 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

## COMMERCE

22.     Answering Paragraph 22 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

## COURSE OF CONDUCT

23.     Answering Paragraph 23 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

24.     Answering Paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

25.     Answering Paragraph 25 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

26.     Answering Paragraph 26 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

27.     Answering Paragraph 27 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

28.     Answering Paragraph 28 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

29.     Answering Paragraph 29 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis,

denies them.

30.    Answering Paragraph 30 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

31.    Answering Paragraph 31 of the Complaint, these allegations pertain to defendants Experian, Equifax, and Trans Union, and do not relate to Defendant.  Thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies them.

32.    Answering Paragraph 32 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

33.    Answering Paragraph 33 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

34.    Answering Paragraph 34 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

35.    Answering Paragraph 35 of the Complaint, Defendant denies these allegations.

36.    Answering Paragraph 36 of the Complaint, Defendant denies these allegations.

37.    Answering Paragraph 37 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

38.    Answering Paragraph 38 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

## THE FAIR CREDIT REPORTING ACT

39.     Answering Paragraph 39 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations to the extent they misstate the law and its historical background.

40.     Answering Paragraph 40 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT COUNT I

41.     Answering Paragraph 41 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations to the extent they misstate the law and its historical background.

42.     Answering Paragraph 42 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

43.     Answering Paragraph 43 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

44.     Answering Paragraph 44 of the Complaint, Defendant denies these allegations.

45.     Answering Paragraph 45 of the Complaint, Defendant denies these allegations.

## COUNT II

46.     Answering Paragraph 46 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

47.     Answering Paragraph 47 and its subparts (a) and (b) of the Complaint, Defendant

denies that it violated 15 U.S.C. §§ 1681s-2 or 15 U.S.C. § 45(a).  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and, on that basis, denies them.

48.     Answering Paragraph 48 of the Complaint, Defendant denies these allegations.

## COUNT III

49.     Answering Paragraph 49 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

50.     Answering Paragraph 50 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

51.     Answering Paragraph 51 of the Complaint, Defendant denies these allegations.

## FAIR DEBT COLLECTION PRACTICES ACT

52.     Answering Paragraph 52 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations to the extent they misstate the law and its historical background.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT COUNT IV

53.     Answering Paragraph 53 and its subparts (a) and (b) of the Complaint, Defendant denies these allegations.

54.     Answering Paragraph 54 of the Complaint, Defendant denies these allegations.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

55.     Answering Paragraph 55 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

**COUNT V**

56.     Answering Paragraph 56 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

57.     Answering Paragraph 57 of the Complaint, Defendant denies these allegations.

58.     Answering Paragraph 58 of the Complaint, Defendant denies these allegations.

**INJUNCTIONS FOR VIOLATIONS OF THE FTC ACT, FCRA, AND FDCPA**

59.     Answering Paragraph 59 of the Complaint, Defendant denies these allegations.

**EQUITABLE RELIEF FOR VIOLATIONS OF THE FCRA, FDCPA, AND FTC ACT**

60.     Answering Paragraph 60 of the Complaint, Defendant denies these allegations.

**CIVIL PENALTIES FOR VIOLATIONS OF THE FCRA**

61.     Answering Paragraph 61 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

62.     Answering Paragraph 62 of the Complaint, Defendant denies these allegations, and denies that Plaintiff is entitled to civil penalties, or any other relief under the FCRA.

63.     Answering Paragraph 63 of the Complaint, Defendant denies these allegations.

**CIVIL PENALTIES FOR VIOLATIONS OF THE FDCPA**

64.     Answering Paragraph 64 of the Complaint, Defendant denies these allegations.

65.     Answering Paragraph 65 of the Complaint, Defendant denies that Plaintiff is entitled to civil penalties, or any other relief under the FDCPA.  The remaining allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

66.     Answering Paragraph 66 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant

denies these allegations to the extent they misstate the law.

## CRIMINAL NEGLIGENCE IS DEFINED AS FOLLOWS

67.     Answering Paragraph 67 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

68.     Answering Paragraph 68 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations to the extent they misstate the law.

69.     Answering Paragraph 69 of the Complaint, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations to the extent they misstate the law and its historical background.

## NEGLIGENCE BY THE FTC TO PLAINTIFF'S NOTIFICATIONS OF IDENTITY THEFT & ILLEGAL CREDIT SCHEMES 18 U.S. CODE § 1028A, 18 U.S. CODE § 1028

70.     Answering Paragraph 70 of the Complaint, these allegations pertain to defendant FTC, and do not relate to Defendant.  Thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies them.

71.     Answering Paragraph 71 of the Complaint, these allegations pertain to defendant FTC, and do not relate to Defendant.  Thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies them.

72.     Answering Paragraph 72 of the Complaint, these allegations pertain to defendant FTC, and do not relate to Defendant.  Thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies them.

73.     Answering Paragraph 73 of the Complaint, these allegations pertain to defendant FTC, and do not relate to Defendant.  Thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies them.

74.     Answering Paragraph 74 of the Complaint, these allegations pertain to defendant FTC, and do not relate to Defendant.  Thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies them.

75.     Answering Paragraph 75 of the Complaint, these allegations pertain to defendant FTC, and do not relate to Defendant.  Thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies them.

76.     Answering Paragraph 76 of the Complaint, these allegations pertain to defendant FTC, and do not relate to Defendant.  Thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies them.

77.     Answering Paragraph 77 of the Complaint, these allegations pertain to defendant FTC, and do not relate to Defendant.  Thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies them.

78.     Answering Paragraph 78 of the Complaint, these allegations pertain to defendant FTC, and do not relate to Defendant.  Thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies them.

79.     Answering Paragraph 79 of the Complaint, these allegations pertain to defendant FTC, and do not relate to Defendant.  Thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies them.

80.     Answering Paragraph 80 of the Complaint, these allegations pertain to defendant FTC, and do not relate to Defendant.  Thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies them.

81.     Answering Paragraph 81 of the Complaint, these allegations pertain to defendant FTC, and do not relate to Defendant.  Thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies them.

82.     Answering Paragraph 82 of the Complaint, these allegations pertain to defendant FTC, and do not relate to Defendant.  Thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies them.

83.     Answering Paragraph 83 of the Complaint, these allegations pertain to defendant FTC, and do not relate to Defendant.  Thus, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, denies them.

## RELIEF REQUESTED

Answering the WHEREFORE Paragraph and its subparts (1) through (8) of the Complaint, Defendant denies that Plaintiff is entitled to the requested relief, or any other relief whatsoever.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1.      Defendant reserves the right to compel contractual arbitration.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2.      This action is barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff fails to state a claim upon which relief can be granted against Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's claims are barred to the extent that there has been a defect or misjoinder of parties and/or a failure to join an indispensable party or parties to this action.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, laches, or other equitable doctrines.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate his alleged damages, if any.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions alleged.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9.      Defendant's conduct was privileged or justified.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff has waived any and all claims, rights and demands made in the Complaint.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff's claims may be barred because the acts or omissions of which Plaintiff complains have been approved or mandated, implicitly or expressly, by applicable statutes and regulations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's claims may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

13.     Defendant specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

14.     To the extent that any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

15.     If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, including Plaintiff, and not by Defendant.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

16.     If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

17.     If Plaintiff prevails against Defendant, Defendant's liability is several and limited to their own actionable segment of fault, if any.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Defendant conducted a reasonable investigation of any and all disputes received from a credit reporting agency.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's FDCPA claims against Defendant are barred because Defendant is not a "debt collector" within the meaning of 15 U.S.C. § 1692a.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions.  Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert such defenses.

**WHEREFORE**, Defendant, **NEW YORK SMSA LIMITED PARTNERSHIP, D/B/A VERIZON WIRELESS** prays for judgment, dismissing the Complaint, in its entirety, and further:

1.      that Plaintiff takes nothing;

2.      for the costs of the suit herein;

3.      for attorneys' fees to the extent available by law or contract; and

4.      for such other and further relief as this Court may deem just and proper.

Dated: New York, NY
       March 23, 2021

                      Yours, etc.,

                      **McGIVNEY, KLUGER, CLARK & INTOCCIA, P.C.**

                      *Howard A. Fried*

                      Howard A. Fried, Esq. (HAF2114)
                      *Attorneys for Defendant*
                      **NEW YORK SMSA LIMITED PARTNERSHIP, D/B/A VERIZON WIRELESS**
                      80 Broad Street, 23rd Floor
                      New York, NY 10004
                      (212) 509-4420
                      *hfried@mkcilaw.us.com*

(Filed and served upon all parties via ECF/Pacer.)