**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ERIC ANDREW PEREZ, | |
|         Plaintiff, | Case No. 1:20-cv-09119-MKV |
|     v. | ECF Case |
| EXPERIAN; EQUIFAX; TRANS UNION; VERIZON; SEQUIUM ASSET SOLUTIONS; FEDERAL TRADE COMMISSION; and CITIBANK | |
|         Defendants. | |

<u>**EXPERIAN INFORMATION SOLUTIONS, INC.'S**</u>
<u>**ANSWER AND AFFIRMATIVE DEFENSES**</u>

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), improperly named in the Complaint as "Experian", by and through its undersigned counsel, and in answer to the Complaint of Plaintiff Eric Andrew Perez ("Plaintiff"), states as follows:

<u>**JURISDICTION AND VENUE**</u>

1. This is an action arising under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a); the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x; and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, to obtain monetary civil penalties, a permanent injunction, restitution, disgorgement, and other equitable relief for Defendants' violations of the FCRA, the FDCPA, and Section 5 of the FTC Act. 18 U.S. Code § 1028A, 18 U.S. Code § 1026. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331,1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), 57b, 1681s, and 16921.

**ANSWER:**    In response to Paragraph 1 of the Complaint, Experian admits that Plaintiff has alleged claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"); Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p; and Section 5 of the FTC

1

Act. 18 U.S. Code § 1028A, 18 U.S. Code § 1026.  Experian also admits that Plaintiff alleges

jurisdiction is proper pursuant to 28 U.S.C. §§ 1331,1337(a), 1345, and 1355, and under 15 U.S.C.

§§ 45(a)(1), 45(m)(1)(A), 53(b), 57b, 1681s, and 16921, but Experian states that this is a legal

conclusion, which is not subject to denial or admission.   Except as specifically admitted, Experian

denies, generally and specifically, each and every remaining allegation contained in Paragraph 1.

7. [sic] Venue is proper in the United States District Court for the Southern District of New

York under 28 U.S.C. §§ 1391(b)-(c), 1395(a), and 15 U.S.C. § 53(b).

**ANSWER**:     In response to Paragraph 7 of the Complaint, Experian admits that Plaintiff

alleges venue is proper pursuant to 28 U.S.C. §§ 1391(b)-(c), 1395(a), and 15 U.S.C. § 53(b).

Experian states that this is a legal conclusion, which is not subject to denial or admission.

### PLAINTIFF

8. [sic] This action is brought by ERIC ANDREW PEREZ a natural born United States

citizen and Service-Connected Disabled Veteran. Plaintiff brings this action pro se.

**ANSWER**:     In response to Paragraph 8 of the Complaint, Experian is without knowledge

or information sufficient to form a belief as to the truth of the allegations contained therein and, on

that basis, denies generally and specifically every allegation therein.

### DEFENDANTS

9. [sic] **Defendant Experian,** is a credit reporting bureau is a for-profit corporation with

its global headquarters in a foreign nation with several offices in the United States organized,

existing and doing business under the laws of the State of New York and the United States of

America. Its principal place of business is Experian plc Newnham House Northern Cross

Malahide Road Dublin 17 Ireland but has as its headquarters on the East Coast of the United States

listed as 29 Broadway 6th Floor New York, NY 10009. At all times relevant to this Complaint,

Defendant Experian has transacted business in this District.

**ANSWER:**  In response to Paragraph 9 of the Complaint, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California.  Experian also admits that it issues consumer reports as defined by 15 U.S.C. § 1681a(d).   Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 9 of the Complaint.

10. [sic] **Defendant Equifax,** is a credit reporting bureau is a for-profit corporation with its global headquarters 1550 Peachtree Street, N.W. Atlanta Georgia. At all times relevant to this Complaint, Defendant Experian has transacted business in this District.

**ANSWER:**  In response to Paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically every allegation therein.

11. [sic] **Defendant Trans Union,** is a credit reporting bureau is a for-profit corporation with its global headquarters as 555 W Adams St. Chicago, IL 6066. At all times relevant to this Complaint, Defendant Trans Union has transacted in this District.

**ANSWER:**  In response to Paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically every allegation therein.

12. [sic] **Defendant Verizon,** is a Telecommunications Company, and is a for-profit corporation with its global headquarters 140 West Street New York, NY 10007. Defined as a Telecommunications entity as defined by 47 U.S. Code § 153, and the Telecommunications Act of 1996 Section 102(2).

**ANSWER:**  In response to Paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically every allegation therein.

13. [sic] **Defendant Federal Trade Commission,** located at 1 Bowling Green #318 New York, NY 10004. The Commission is an independent agency of the United States government given statutory authority and responsibility by the FTC Act, as *amended,* 15 U.S.C. §§ 41-58.  The Commission is charged, *inter alia,* with enforcing Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce; the FCRA, 15 U.S.C. §§ 1681-1681x, which imposes duties upon consumer reporting agencies and those who furnish information to a consumer reporting agency ("CRA") or use information obtained from a CRA; and the FDCPA, 15 U.S.C. §§ 1692-1692p, which imposes duties upon debt collectors.

**ANSWER:** In response to Paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically every allegation therein.

14. [sic] **Defendant Sequium Asset Solutions,** located at 1130 Northchase Parkway, Suite 150 Marietta, GA 30067 are "debt collectors," as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).  As part of its debt collection activities, Defendant Sequium Asset Solutions furnishes information to CRAs. As such, Defendant Sequium Asset Solutions is a person subject to Section 623 of the FCRA, 15 U.S.C. § 1681s-2, which imposes a series of duties and prohibitions upon any person or entity that furnishes information to a CRA.

**ANSWER:** In response to Paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically every allegation therein.

15. [sic] **Defendant Citibank,** located at 388 Greenwich St. New York, NY 10013, as defined in 12 U.S. 1841) either issues credit cards to customers or processes credit card transactions on behalf of merchants who accept such credit cards, and (b) is recognized, on its own or through an affiliate, as a Visa or Master Card independent service organization (any such

Person, a [*]); or (ii) as to other Persons not provided in (i) immediately above, to InterTrust's

reasonable belief after reasonable examination, is, or is a direct or indirect affiliate of, a "foreign

bank" (as defined in 12 CFR Section 211.2(j)

**ANSWER:** In response to Paragraph 15 of the Complaint, Experian is without knowledge

or information sufficient to form a belief as to the truth of the allegations contained therein and, on

that basis, denies generally and specifically every allegation therein.

16. [sic] The term **"consumer"** as used in this Complaint, means any natural person

obligated or allegedly obligated to pay any debt, as "debt" is defined in Section 803(5) of the

FDCPA, 15 U.S.C. § 1692a(5).

**ANSWER:**    In response to Paragraph 16 of the Complaint, Experian admits that Plaintiff

alleges the meaning of the term "consumer" in the FDCPA.  Experian states that this is a legal

conclusion, which is not subject to denial or admission.

17. [sic] **Defendant Citibank,** located at 388 Greenwich St. New York, NY 10013, as

defined in 12 U.S. 1841) either issues credit cards to customers or processes credit card

transactions on behalf of merchants who accept such credit cards, and (b) is recognized, on its own

or through an affiliate, as a Visa or Master Card independent service organization (any such

Person, a [*]); or (ii) as to other Persons not provided in (i) immediately above, to InterTrust's

reasonable belief after reasonable examination, is, or is a direct or indirect affiliate of, a "foreign

bank" (as defined in 12 CFR Section 211.2(j).

**ANSWER:** In response to Paragraph 17 of the Complaint, Experian is without knowledge

or information sufficient to form a belief as to the truth of the allegations contained therein and, on

that basis, denies generally and specifically every allegation therein

18. [sic] Legal Definition of **commerce clause:** a clause in Article I, Section 8 of the U.S.

Constitution that empowers Congress to regulate interstate commerce and commerce with foreign

countries and that forms the constitutional basis for much federal regulation.

**ANSWER:** In response to Paragraph 18 of the Complaint, Experian states that this is a legal conclusion, which is not subject to denial or admission.

19. [sic] Legal Definition of interstate commerce: commerce, traffic, transportation, and exchange between states of the U.S.

**ANSWER:**   In response to Paragraph 19 of the Complaint, Experian states that this is a legal conclusion, which is not subject to denial or admission.

20. [sic] Legal Definition **Consumer Reporting Agency** 15 USC § 1681a(f) consumer reporting agency (f) The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

**ANSWER:** In response to Paragraph 20 of the Complaint, Experian states that this is a legal conclusion, which is not subject to denial or admission.

21. [sic] Legal Definition **Consumer Report** 15 USC § 1681a(d)(1) consumer report(1) In general.— The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for— (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title .

**ANSWER:** In response to Paragraph 21 of the Complaint, Experian states that this is a

legal conclusion, which is not subject to denial or admission.

<u>**COMMERCE**</u>

22. [sic] At all times material to this Complaint, Defendants have maintained a substantial course of trade in the collection of debts, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

<u>**ANSWER:**</u>  In response to Paragraph 22 of the Complaint, Experian states that this is a legal conclusion, which is not subject to denial or admission.

<u>**COURSE OF CONDUCT**</u>

23. [sic] Sequium Asset Solutions provides collection services to regional and national credit grantors, attempting to recover both commercial and consumer debts, a substantial number of which have previously been placed in collection.

<u>**ANSWER:**</u> In response to Paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically every allegation therein.

24. [sic] Sequium Asset Solutions regularly attempts to collect debts by contacting the consumer by telephone.

<u>**ANSWER:**</u> In response to Paragraph 24 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically every allegation therein.

25. [sic] Plaintiff has discovered a deliberate scheme that has him intrinsically and illegally linked to an unnamed quasi-governmental (luciferian) con man whom is illegally involved in the deprivations of plaintiff's rights, services, and deliberately charged with the socio economic oppression of the plaintiff via a malicious act in construction and collusion with various federal and state agencies as part of an ongoing civil criminal conspiracy. With the knowledge and

supervision of Congressional members and the Federal Bureau of Investigation. These unknown defendants acting in concert are deliberately using plaintiff's identity, intellectual property, banking information, control of Section 8 benefits, ongoing computer crimes, and illegal captured information to maintain illegal agreements and power of plaintiff within these agencies and credit bureaus.

**ANSWER:**    Experian affirmatively states that the allegations in Paragraph 25 of the Complaint are vague and, therefore, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26. [sic] This scheme includes the illegal reporting of accounts and debts to the three credit bureaus under the plaintiff's identity as passing off debts to the plaintiff as an ongoing civil criminal conspiracy engineered into a game.

**ANSWER:**    Experian affirmatively states that the allegations in Paragraph 26 of the Complaint are vague and, therefore, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27. [sic] Defendants Experian, Equifax, and Trans Union have continuously, illegally and maliciously misreported accounts to plaintiff's credit file as part of this civil criminal conspiracy which has adversely affected his applications for credit and socioeconomic empowerment.

**ANSWER:**    In response to Paragraph 27 of the Complaint, as to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  As to Experian, Experian denies, generally and specifically, each and every allegation contained therein.

28. [sic] Defendants Experian, Equifax, and Trans Union have deliberately and maliciously reported plaintiff's incomplete work history for a number of years. All three credit bureaus are reporting my work history as follows: United Way of America, J & J, Kew Forest, and Stream America.

**ANSWER:**  In response to Paragraph 28 of the Complaint, as to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  As to Experian, Experian denies, generally and specifically, each and every allegation contained therein.

29. [sic] Defendants Experian, Equifax, and Trans Union are deliberately, maliciously, and inaccurately reporting at least 3 of my credit accounts. Specifically, Experian reports plaintiff's open accounts as follows: Capital Bank balance = 21 actual = 0, Best Buy balance = $0 actual = $0 Lead Bank = $100 actual = $100 Experian reports closed accounts as follows: Capital Bank = closed Care Credit = $0 closed duplicated Educational accounts = 4 with 9 late payments on each actual = account was in forbearance and then disputed using the borrowers defense application. Inquiries: 9 Actual = 5. Verizon Wireless: $421 Actual $0. Accion East is reporting as a personal credit account, Actual Business Account $4,295.

Equifax is reporting the plaintiff's Best Buy balance = $753 actual = $0, Capital Bank = $136 actual = $0, Lead Bank = $259 actual = $0 closed accounts: Capital Bank = Closed Stolen Actual = Open $0 balance, Capital Bank = Closed Stolen Actual = $0, Care Credit balance = $0 Actual = $0, Care Credit duplicated balance = $0 Actual = $0, Educational Accounts = 4 all paid as agreed and up to date. Inquiries = 5 Actual = 5. Accion East reporting as a personal credit account, Actual Business Account $4,295.

Trans Union reports open accounts as follows: Capital Bank = $136 Actual = $0, Best Buy

CBN A = $753 Actual = $0, Self - $259 Actual $100 Closed Accounts: Capital Bank = closed Actual = open $0, Care Credit = Closed, Actual = Closed, Care Credit = Closed, Actual = $0. Educational Loans 4 loans paid on time. Closed Educational Accounts: six closed at 9 late payments on each. Actual = 4 loans on time placed in forbearance borrowers defense application pending. Closed account SBNA Self Lender paid in full. Inquiries: 7 Actual: 5. Accion East reporting as a personal credit account, Actual Business Account $4,295.

**ANSWER:** In response to Paragraph 29 of the Complaint, as to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 and, on that basis, denies, generally and specifically, each and every allegation contained therein. As to Experian, Experian denies, generally and specifically, each and every allegation contained therein.

30. [sic] Defendants Experian, Equifax, and Trans Union have arbitrarily assigning credit scores based on the needs and illicit goals of a combination of federal and state agencies based on supporting their needs for my socio-economic oppression.

Plaintiff has discovered that his credit and his score is dependent upon the plaintiff's illegal intrinsic and illegal connection with unknown actors, family members, and groups of personnel. Plaintiff has discovered that these agencies in collusion with unknown actors have created a racket and scheme to disenfranchise en mass various individuals whom they have targeted for illegal monetization ad oppression.

**ANSWER:** In response to Paragraph 30 of the Complaint, as to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 and, on that basis, denies, generally and specifically, each and every allegation contained therein. As to Experian, Experian denies, generally and specifically, each and every allegation contained therein.

31. [sic] Defendants have assigned an illegal synthetic identity to a confidential informant and or an agent based on the game that these individuals have engineered pertaining to the socio- economic oppression of the plaintiff. This identity is dependent upon the geographical area of the informant and or agent and pre-dependent upon plaintiff's socoio-economic condition.

**ANSWER:**  In response to Paragraph 31 of the Complaint, as to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  As to Experian, Experian denies, generally and specifically, each and every allegation contained therein.

32. [sic] Defendant Experian, Equifax, and Trans Union are all complicit in this scheme.

**ANSWER:**  In response to Paragraph 32 of the Complaint, as to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  As to Experian, Experian denies, generally and specifically, each and every allegation contained therein.

33. [sic] Plaintiff Perez has reported these schemes perpetrated against him by a group of known criminal informants from Staten Island and their criminal law enforcement handlers.

**ANSWER:**  In response to Paragraph 33 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34. [sic] Defendant FTC Federal Trade Commission[] has also been criminally negligent and complicit in all malicious acts perpetrated against Plaintiff Perez.

**ANSWER:**  In response to Paragraph 34 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35. [sic] Defendant Verizon has illegally and willfully provided access plaintiff Perez's service as cable, internet, and cell phone accounts illegally to informants and law enforcement without warrants and in further hence of a racketeering scheme designed to single out, illegally segment, censor, socially & economically disenfranchise, and terrorize Perez over a number of years and in at least 3 different jurisdictions.

**ANSWER:**  In response to Paragraph 35 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36.  [sic] Defendant Verizon has also passed off the debt of an informant into his account and reported the illegal debt to all three of the credit bureaus after the debt was settled.

**ANSWER:**  In response to Paragraph 36 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37.  [sic] Defendant Sequium Asset Solutions did not issue Plaintiff Perez his debt settlement letter as requested, because of the illegal scheme based on the illegal issuance of this debt on Perez's credit file.

**ANSWER:**  In response to Paragraph 37 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

contained in Paragraph 37 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38.     [sic] Defendant Citibank is an active participant in an active alternate credit scheme using plaintiff's identity and account.

**ANSWER:**  In response to Paragraph 38 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### THE FAIR CREDIT REPORTING ACT

39.     [sic] The FCRA[] was enacted in 1970 and became effective on April 25,1971 and as been in force since that date. In 1996, the FCRA was amended extensively by Congress. Among other things, Congress added Section 623 of the Act, which became effective on October 1,1997.

**ANSWER:**  In response to Paragraph 39 of the Complaint, Experian states that the allegations therein are legal conclusions and not subject to denial or admission.

40.     [sic] Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FCRA by all persons subject thereto except to the extent that enforcement specifically is committed to some other governmental agency, irrespective of whether the person is engaged in commerce or meets any other jurisdictional tests set forth by the FTC Act.

**ANSWER:**  In response to Paragraph 40 of the Complaint, Experian states that the allegations therein are legal conclusions and not subject to denial or admission.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT COUNT I

41.     [sic] Section 623(a) of the FCRA describes the duties of furnishers to provide

accurate information to CRA[]s. Section 623(a)(1)(B) prohibits furnishers from providing information relating to a consumer to any CRA if (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate.

**ANSWER:**  In response to Paragraph 41 of the Complaint, Experian states that the allegations therein are legal conclusions and not subject to denial or admission.

42.  [sic] In numerous instances, plaintiff has contacted Defendants' Citibank & Verizon & Sequium[] at the addresses specified by their websites to dispute information about plaintiff furnished by defendants to a CRAs and to notify defendants that the information is inaccurate.

**ANSWER:**   In response to Paragraph 42 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

43. [sic] In numerous instances, the same consumers have also provided information such as the consumer's driver's license, social security number, and/or proof of residence as proof that defendants are attempting to collect a debt from the wrong person. In other instances, consumers have provided proof of payment to show that information about the debt on the consumer's credit report is inaccurate.

**ANSWER:**   In response to Paragraph 43 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

44. [sic] Despite having proof from the consumer to the contrary, in numerous

instances, Defendants continued to furnish information to a CRA relating to a consumer when (a) defendants were notified by the consumer at an address specified by defendants that specific information was inaccurate and (b) the information, was in fact, inaccurate.

**ANSWER:**   In response to Paragraph 44 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

45.     [sic] The acts and practices alleged in Paragraphs 26-28 constitute violations of Section 623(a)(1)(B) of the FCRA, 15 U.S.C. § 1681s-2(a)(1)(B).  Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraphs 2628 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**ANSWER:**   In response to Paragraph 45 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT II

46.     [sic] Section 623(b)(1) of the FCRA requires furnishers of information to CRAs to conduct an investigation when the furnisher receives a notice of dispute from a CRA in accordance with the provisions of Section 611(a)(2) of the FCRA, 15 U.S.C. § 1681i(a)(2), and to report the results of the investigation to the CRA.

**ANSWER:**   In response to Paragraph 46 of the Complaint, Experian states that the allegations therein are legal conclusions and not subject to denial or admission.

47.   [sic]  In   numerous   instances,   Defendants   CRA   do   not   conduct   a   meaningful

investigation, or an investigation at all, when it receives a notice of dispute from a. For example,

a.  In disputes where a consumer claims the account is not his or hers, or the account belongs to someone else, CVS's policy and practice is to compare the name, social security number, date of birth, and address in CVS's computer database with the information provided on each ACDV. Where three of the four items match, CVS will report that it has verified as accurate the information reported to the CRA. Only after a consumer has disputed the information more than four times, does the account become assigned to a supervisor to do further "investigation." Because CVS collects accounts that are often old, information in its computer files may not be accurate for a variety of reasons, including incorrect updating of addresses, errors in recording names and information, and problems with the original creditor's records. In addition, these types of disputes often include claims of identity theft or mistaken identity, and thus, while the information in CVS's records may match the consumer's name, social security number, date of birth, or address, it is not the consumer's account.

b.  In disputes involving identity theft or fraud allegations, CVS's policies provide that if the existing account codes and notes in CVS's file for the consumer do not contain any reference to a prior claim of fraud, CVS will verify the previously reported information without conducting any investigation prior to such verification.

**ANSWER:**  In response to Paragraph 47 of the Complaint, as to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  As to Experian, Experian denies, generally and specifically, each and every allegation contained therein.

48. [sic] The acts and practices alleged in Paragraph 31 constitute violations of Section 623(b) of the  FCRA, 15 U.S.C. § 1681s-2(b).   Pursuant to Section 621(a)(1)  of the  FCRA,

15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 31 also constitute unfair acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**ANSWER:**  In response to Paragraph 48 of the Complaint, as to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  As to Experian, Experian denies, generally and specifically, each and every allegation contained therein.

## COUNT III

49. [sic] Section 623(a)(3) of the FCRA provides that if the completeness or accuracy of any information furnished by any person to any CRA is disputed to such person by any consumer, the information must be noted as disputed in the information reported by such person to any CRA. This provision does not require consumer disputes to be in writing.

**ANSWER:**  In response to Paragraph 49 of the Complaint, Experian states that the allegations therein are legal conclusions and not subject to denial or admission.

50. [sic] In numerous instances in which consumers have informed Defendant CVS, over the telephone and/or in writing, that they dispute the completeness or accuracy of information furnished by Defendant CVS to a CRA, Defendant continued to furnish the information to CRAs without providing notice that such information is disputed by the consumer.

**ANSWER:**   In response to Paragraph 50 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

51. [sic] The acts and practices alleged in Paragraph 34 constitute violations of

Section 623(a)(3) of the FCRA, 15 U.S.C. § 1681s-2(a)(3). Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 34 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**ANSWER:**   In response to Paragraph 51 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## FAIR DEBT COLLECTION PRACTICES ACT

52.   [sic] In 1977, Congress passed the FDCPA[],15 U.S.C. §§ 1692-1692p, which became effective on March 20,1978, and has been in force since that date. Section 814 of the FDCPA,  15 U.S.C. § 16921, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FDCPA by any debt collector, irrespective of whether that debt collector is engaged in commerce or meets any other jurisdictional tests set by the FTC Act. The authority of the Commission in this regard includes the power to enforce the provisions of the FDCPA in the same manner as if the violations of the FDCPA were violations of a Federal Trade Commission trade regulation rule. Finally, a violation of the FDCPA shall be deemed an unfair or deceptive act or practice in violation of the FTC Act.

**ANSWER:**   In response to Paragraph 52 of the Complaint, Experian states that the allegations therein are legal conclusions and not subject to denial or admission.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT COUNT IV

53.   [sic] In connection with the collection of a debt, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to, the following:

   a.     In numerous instances, Defendants, directly or indirectly, have used false

representations concerning the character, amount, or legal status of a debt, in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A); or

    b.  In numerous instances, Defendants, directly or indirectly, have failed to communicate to the CRA to which it reported a debt that the debt is disputed, in violation of Section 807(8) of the FDCPA, 15 U.S.C. § 1692e(8).

    **ANSWER:**  In response to Paragraph 53 of the Complaint, as to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  As to Experian, Experian denies, generally and specifically, each and every allegation contained therein.

    54.  [sic] The acts and practices alleged in Paragraph 37 constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 16921(a), the acts and practices alleged in Paragraph 37 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

    **ANSWER:**  In response to Paragraph 54 of the Complaint, as to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  As to Experian, Experian denies, generally and specifically, each and every allegation contained therein.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

    55. [sic] Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce." Representations of material fact that are false or misleading constitute deceptive acts or practices prohibited by the FTC Act.

    **ANSWER:**  In response to Paragraph 55 of the Complaint, Experian states that the allegations therein are legal conclusions and not subject to denial or admission.

## COUNT V

56. [sic] In numerous instances, through the means described in Paragraphs 11-22, in the course of collecting debts from consumers, Defendants, directly and indirectly, have represented to consumers, expressly or by implication, that the debts were valid and that consumers had an obligation to pay the debts.

**ANSWER:**  In response to Paragraph 56 of the Complaint, as to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  As to Experian, Experian denies, generally and specifically, each and every allegation contained therein.

57. [sic] In truth and in fact, in numerous instances the material representations set forth in Paragraph 40 were false or Defendants did not have a reasonable basis for the representations at the time the representations were made.

**ANSWER:**  In response to Paragraph 57 of the Complaint, as to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  As to Experian, Experian denies, generally and specifically, each and every allegation contained therein.

58. [sic] Therefore, the representations set forth in Paragraph 40 were false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**ANSWER:**  In response to Paragraph 58 of the Complaint, as to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 and, on that basis, denies, generally and

specifically, each and every allegation contained therein.  As to Experian, Experian denies, generally and specifically, each and every allegation contained therein.

### INJUNCTION FOR VIOLATIONS OF THE FTC ACT, FCRA, AND FDCPA

59.  [sic] Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction to ensure that: (a) Defendant CVS will not continue to violate the FTC Act, the FCRA, and the FDCPA and (b) Defendant Ebert and Defendant Striker will not continue to violate the FTC Act and the FDCPA.

**ANSWER:**  In response to Paragraph 59 of the Complaint, Experian states that the allegations therein are legal conclusions and not subject to denial or admission.

### EQUITABLE RELIEF FOR VIOLATIONS OF THE FCRA, FDCPA, AND FTC ACT

60.  [sic] Under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, this Court is authorized to issue ail equitable and ancillary relief as it may deem appropriate in the enforcement of the FCRA, the FDCPA, and the FTC Act, including the ability to order rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement to deprive a wrongdoer of ill- gotten gain.

**ANSWER:**  In response to Paragraph 60 of the Complaint, Experian states that the allegations therein are legal conclusions and not subject to denial or admission.

### CIVIL PENALTIES
### FOR VIOLATIONS OF THE FCRA

61.  [sic] Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Court to award monetary civil penalties of not more than $2,500 per violation for each violation of Sections 623(a)(3) and 623(b) of the FCRA.

**ANSWER:**  In response to Paragraph 61 of the Complaint, Experian states that the allegations therein are legal conclusions and not subject to denial or admission.

62.  [sic] Each instance in which Defendant CVS has violated Sections 623(a)(3) and

623(b) of the FCRA constitutes a separate violation of the FCRA for which Plaintiff seeks monetary civil penalties under Section 621 of the FCRA, 15 U.S.C. § 1681s.

**ANSWER:**  In response to Paragraph 62 of the Complaint, as to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  As to Experian, Experian denies, generally and specifically, each and every allegation contained therein.

63.   [sic] Defendant CVS has engaged in knowing violations of the FCRA as described above, which constitute a pattern or practice of violations.

**ANSWER:**  In response to Paragraph 63 of the Complaint, as to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 63 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  As to Experian, Experian denies, generally and specifically, each and every allegation contained therein.

## CIVIL PENALTIES
## FOR VIOLATIONS OF THE FDCPA

64.   [sic] Defendant CVS has violated the FDCPA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

**ANSWER:**  In response to Paragraph 64 of the Complaint, Experian states that the allegations therein are legal conclusions and not subject to denial or admission.

65. [sic] Each instance within five (5) years preceding the filing of this Complaint, in which Defendant CVS has failed to comply with the FDCPA in one or more of the ways described above, constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

**ANSWER:**  In response to Paragraph 65 of the Complaint, as to entities other than

Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 65 and, on that basis, denies, generally and specifically, each and every allegation contained therein.  As to Experian, Experian denies, generally and specifically, each and every allegation contained therein.

66.   [sic] Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), Section 814(a) of the FDCPA, 15 U.S.C. § 16921, and Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, authorize the Court to award monetary civil penalties of not more than $11,000 for each violation of the FDCPA.

**ANSWER:**  In response to Paragraph 66 of the Complaint, Experian states that the allegations therein are legal conclusions and not subject to denial or admission.

**Criminal negligence is defined as follows:**

67.   [sic] A person 'acts with criminal negligence with respect to a result or to a circumstance described by a statute defining an offense when he jails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would ob-serve in the situation[].

**ANSWER:** Experian affirmatively states that the allegations in Paragraph 67 of the Complaint are vague and, therefore, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 67 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

68.   [sic] These statutory definitions represent a marked change from the present New York Penal Law, which contains no general statutory provision defining the various elements of criminal culpability. For example, there is presently no statutory definition of recklessness; however there is a definition of negligence in section 3 of the Penal Law, which provides: Each

of the terms "neglects," "negligence," and "negligently" imports a want of such attention to the nature or probable consequences of the act or omission as a prudent man ordinarily bestows in acting in his own concerns[].

**ANSWER:** Experian affirmatively states that the allegations in Paragraph 68 of the Complaint are vague and, therefore, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 68 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

69.  [sic] In 1965 the New York Legislature enacted and the Governor of New York signed into law a Revised Penal Law to take effect September 1,1967.1 The New York Commission for the Revision of the Penal Law adopted the suggestion of the American Law Institute Model Penal Code by including a general statutory provision defining four concepts of mental culpability: intention, knowledge, recklessness and criminal negligence[].

**ANSWER:** Experian affirmatively states that the allegations in Paragraph 69 of the Complaint are vague and, therefore, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 69 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**Negligence by the FTC to Plaintiff's notifications of identity theft & Illegal credit schemes**

**18 U.S. Code § 1028A, 18 U.S. Code § 1028**

70.  [sic] A scheme involving the misappropriation of plaintiff's name and assignment of his name to a number of participants inside and outside of Coxsackie has been engineered and perpetrated by a number of entities.

**ANSWER:** Experian affirmatively states that the allegations in Paragraph 70 of the Complaint are vague and, therefore, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 70 and, on that

basis, denies, generally and specifically, each and every allegation contained therein.

71.    [sic] Plaintiff Perez's phone calls, internet, emails, and electronic communications have been redirected, originated, and intercepted since 2015 in further hence of a scheme.

**ANSWER:**  In response to Paragraph 71 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 71 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

72. [sic] Plaintiff discovered that his identity, electronic & mail notifications of changes to his identity, changes to notifications to his credit file & even address changes and multiple changes to his credit were linked to a known clandestine racketeer and informant.

**ANSWER:**  In response to Paragraph 72 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 72 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

73.  [sic] Prior to October 2017 plaintiff's reports of a synthetic identity theft to the FTC and the creation of his very first identity theft account with them.

**ANSWER:**  In response to Paragraph 73 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 73 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

74.    [sic] Plaintiff was using a combination of email addresses that he no longer has access to   and the      following    email    addresses    of:   careersericp@gmail.com, emplovmentperez.eric@gmail.com, and experttrainrers@icloud.com to report the illegal use of his identity, credit manipulation, illegal debt collection and other crimes.

**ANSWER:**  In response to Paragraph 74 of the Complaint, Experian is without

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 74 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

75.  [sic] These reports to the FTC have been deliberately ignoring these reports to perpetrate this illegal racket to protect informants and criminal law enforcement acting in concert with them.

**ANSWER:**  In response to Paragraph 75 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 75 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

76.  [sic] Plaintiff has reported this scheme to include his illegal socio-economic oppression and his illegal use to the FTC on over 12 occasions, please see exhibits 2-12.

**ANSWER:**    In response to Paragraph 76 of the Complaint, Experian admits that exhibits 2-12 speak for themselves.  Experian affirmatively states that the allegations in Paragraph 76 of the Complaint are vague and, therefore, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 76 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

77.  [sic] Exhibit 2 TO: antitrust@ftc.gov 3-14-20, Exhibit 3 TO: antitrust@ftc.gov 7-13-20, Exhibit 4 TO: erose@ftc.gov 8-18-20, Exhibit 5 To: antitrust@ftc.gov 9-29-20, Exhibit 6TO: antitrust@ftc.gov    10-2-20,       Exhibit 7    To:    antitrust@ftc.gov       10-2-20, Exhibit 8    TO: Congressionalrelations@ftc.gov   10-29-20, Exhibit 9  antitrust@ftc.gov  10-2-20, Exhibit   10 congressionalrelations@ftc.gov 10-5-20, Exhibit 11 To: congressionalrelations@ftc.gov 10-5-20, Exhibit 12 To: congressionalrelations@ftc.gov 10-6-20.

**ANSWER:**  In response to Paragraph 77 of the Complaint, Experian admits that exhibits 2-12 speak for themselves.  Experian affirmatively states that the allegations in Paragraph 77 of the

Complaint are vague and, therefore, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 77 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

78.   [sic] Plaintiff Perez has never received any response from any State or Federal authority he has reported his identity theft to.

**ANSWER:**   In response to Paragraph 78 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 78 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

79. [sic] Plaintiff has experienced deliberately engineered and perpetrated denial for the extension of credit and economic opportunities due to this scheme and the negligence of the FTC and its numerous employees.

**ANSWER:**   In response to Paragraph 79 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 79 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

80.   [sic] Due to this scheme plaintiff Perez has also been unable to use or increase his existing credit and good name to build wealth.

**ANSWER:**   In response to Paragraph 80 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 80 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

81. [sic] Plaintiff also discovered that these criminals are engineering and controlling iterations of their schemes and using a clearly unwarranted invasion of privacy based to manipulate

my identity, credit file, and identification documents to act as my adversary and deny plaintiff socio and economic advancement. Point in case adding collection accounts such as Verizon, Invent Help, Educational Loans, and denial of applications to entrepreneurship programs & College.

**ANSWER:**  In response to Paragraph 81 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 81 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

82.   [sic] Spanning from October 2019 - present the following denial of Personal credit card occurred without written notification: Apple Credit, Chase Business Credit, Bank of America business credit, American Express.

**ANSWER:**  In response to Paragraph 82 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 82 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

83.   [sic] Plaintiff suffers from character defamation, illegal intrinsic links to, and multiple deprivations of his civil rights engineered by these criminal racketeers with the knowledge of the Congressional Liaison Office of the FTC and the criminal branch of the FTC.

**ANSWER:**  In response to Paragraph 83 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 83 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## **Relief Requested**

**PRAYER FOR RELIEF**
**WHEREFORE,**

Plaintiff, pursuant to 15 U.S.C. §§45(m)(1)(A), 53(b), 16921,1681s, and the Court's own equitable powers respectfully requests that the Court:

1. Enter a permanent injunction to prevent future violations of the FTC Act, the FDCPA, and the FCRA by Defendants;

2. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, the FDCPA, and the FCRA, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten gains;

3. Award Plaintiff monetary civil penalties for each violation of the FCRA as alleged in this Complaint, except as to violations of Section 623(a)(1), 15 U.S.C. § 1681s-2(a)(1);

4. Award Plaintiff monetary civil penalties for each violation of the FDCPA occurring within five years preceding the filing of this Complaint; and

5. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

6. Launch frill investigation by federal authorities into plaintiff's identity theft and illegal credit manipulation.

8. [sic] Award plaintiff monetary damages of $150,000 dollar for pain and suffering.

**ANSWER:**   Experian denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Experian.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that the Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief

whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that all claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that all information Experian communicated to any third person regarding Plaintiff was true.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that any alleged damages sustained by Plaintiff were caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that any claims for exemplary or punitive damages violate Experian's rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and analogous provisions of any applicable State Constitutions.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's alleged damages were not caused by Experian, but by an independent intervening cause.

## TWELFTH AFFIRMATIVE DEFENSE

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Dated: March 24. 2021                          Respectfully submitted,
       New York, New York


                                    /s/ *Cealagh P. Fitzpatrick*
                                    Cealagh P. Fitzpatrick
                                    JONES DAY
                                    250 Vesey Street
                                    New York, New York 10281-1047
                                    Tel: (212) 326-3625
                                    Fax: (212) 755-7306
                                    Email: cfitzpatrick@jonesday.com

                                    *Attorney for Defendant*
                                    *Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on March 24, 2021, I caused the foregoing to be electronically filed with the Clerk of

Court and served upon all counsel of record via the CM/ECF system.


/s/ *Cealagh P. Fitzpatrick*
Cealagh P. Fitzpatrick


*Counsel for Defendant*
*Experian Information Solutions, Inc.*