

4545 Northwestern Drive | Zionsville, IN 46077
OFFICE 317.363.2400 | FAX 317.363.2257 | schuckitLAW.com

May 14, 2021

**VIA ECF AND CERTIFIED MAIL**
**Return Receipt Requested**
Article No. 7020 0640 0000 7136 2279

Hon. Paul A. Engelmayer
United States District Court
40 Foley Square, Room 2201
New York, NY 10007

      RE:    *Eric Andrew Perez v. Trans Union, LLC*
              U.S. District Court, Southern District of New York (Foley Square)
              Case No.:  1:20-cv-09119-PAE

Dear Judge Engelmayer:

We are counsel for Defendant consumer reporting agency Trans Union, LLC ("Trans Union") in the above-referenced matter and respectfully write to request leave to join in the anticipated Motion To Dismiss (the "Motion") to be filed by Defendant consumer reporting agency Equifax Information Services, LLC ("Equifax").  <u>See</u> Order On Pre-Motion Letters [Doc. No. 55] (granting Equifax leave to file its anticipated motion to dismiss).

This is a case where *pro se* Plaintiff, Eric Perez, falsely alleges that Defendants are engaged in an elaborate scheme linked with a "luciferian [sic] con man" to track, monitor and manipulate his life, including, among other false and fanciful allegations, that Defendants have instructed invisible informants to break into his apartment to erase items from his computer and steal his mail.

As it will be discussed in Equifax's Motion, Plaintiff's claims fail in their entirety because:

    A.    Plaintiff fails to state a claim for violation of the Fair Credit Reporting Act where:

        i.    Case law holds that a consumer reporting agency cannot be liable for its reporting of employment information since such information does not bear on a consumer's creditworthiness and, even if it did, a consumer reporting agency has no affirmative duty to report additional employment information;

        ii.    Plaintiff has not and cannot allege that Equifax and Trans Union failed to maintain the required reasonable procedures to ensure accurate reporting, especially since Plaintiff believes any inaccurate reporting was the resulted of a false and fanciful allegation that Defendants were engaged in a "criminal conspiracy;" and

Hon. Paul A. Engelmayer
May 14, 2021
Page 2

        iii.    Plaintiff's Section 1681s-2 claims fail because Equifax and trans Union are not furnishers of information;

    B.    Plaintiff fails to state a claim for violation of the Fair Debt Collection Practices Act since Equifax and Trans Union are not debt collectors;

    C.    Plaintiff fails to state a claim for violation of the Federal Trade Commission Act since the act does not provide for a private right of action; and

    D.    Plaintiff fails to state any state law claims because Plaintiff cannot seek to enforce criminal statutes and Plaintiff's alleged defamation claims not well-plead pursuant to Rule 8 and, even if they were, such claims are expressly preempted by the FCRA.

It is well settled that "[it is] incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). As such, this Court has routinely granted leave for a party to join co-defendant's dispositive motion "as it will promote the interests of justice," especially where "the disposition of the motion to dismiss … will apply to all of the defendants in this action." See Saunders v. Bank of Am., No. 12 CIV. 9201 GBD RLE, 2014 WL 5089501, at *3 (S.D.N.Y. Sept. 22, 2014); In re OPUS360 Corp. Sec. Litig., No. 01CIV.2938(JGK)(JCF), 2002 WL 31190157, at *1 (S.D.N.Y. Oct. 2, 2002).

While Trans Union has already filed its Answer in this action, the Court can and should dismiss Plaintiff's Complaint against Trans Union pursuant to Rule 12(c) since case law holds that Rule 12(c) motions are analyzed under the same standard as Rule 12(b)(6) motions, and all arguments to be raised by Equifax apply equally to Trans Union in all respects. See, e.g., Felder v. United States Tennis Ass'n Inc., No. 17 CIV. 5045 (ER), 2018 WL 5621484, at *2 (S.D.N.Y. Oct. 30, 2018) ("The Court applies the same standard of review to a Rule 12(c) motion as it does to a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6)."). Therefore, permitting Trans Union to join Equifax's briefing will greatly reduce the time, expense and burden upon all parties and the Court.

        Respectfully,

        SCHUCKIT & ASSOCIATES, P.C.

        /s/ Camille R. Nicodemus
        *Counsel for Defendant Trans Union, LLC*

cc:    All counsel of record (via ECF)
       Eric Andrew Perez, pro se (via U.S. mail)