UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------

ERIC ANDREW PEREZ,

               Plaintiff,

     -against-

EXPERIAN, EQUIFAX, TRANS UNION,
VERIZON, SEQUIUM ASSET
SOLUTIONS, FEDERAL TRADE
COMMISSION, CITIBANK,

           Defendants.

X
:
:
:
:
:
:
:
:
:
:
:
:
X

Index No. 1:20-cv-09119-MKV

-------------------------------------------------------


### DEFENDANTS' JOINT MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL & PROCEDURAL HISTORY ............................................................................... 2

STANDARD OF REVIEW ..................................................................................................... 3

ARGUMENT ........................................................................................................................... 5

I.     PLAINTIFF FAILS TO STATE A CLAIM FOR A VIOLATION OF 15 U.S.C. § 1681 AGAINST THE CRA DEFENDANTS ................................................................. 5

     A.     A CRA is not Obligated to Report "Complete" Employment Information. ........... 5

     B.     Plaintiff Fails to State a Claim That The CRA Defendants Did Not Comply With The FCRA ....................................................................................... 6

     C.     The CRA Defendants Are Not Furnishers of Information Subject to Section 1681s-2 of the FCRA ................................................................................ 8

II.     PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF 15 U.S.C. § 1681 AGAINST VERIZON ......................................................................................... 10

     A.     Counts I and III Against Verizon Fail Because There Is No Private Right of Action for Any Alleged Violation of Section 1681s-2(a) of the FCRA ........... 10

     B.     Count II Fails to State a Claim Against Verizon Under Section 1681s-2(b) of the FCRA ....................................................................................................... 11

III.     DEFENDANTS ARE NOT DEBT COLLECTORS SUBJECT TO LIABILITY UNDER THE FDCPA ......................................................................................................... 11

IV.     PLAINTIFF'S CLAIMS UNDER THE FTC ACT AGAINST DEFENDANTS FAIL AS THERE IS NO PRIVATE RIGHT OF ACTION FOR PLAINTIFF UNDER THIS STATUTE ...................................................................................................... 13

V.     PLAINTIFF'S STATE-LAW CLAIMS ARE NOT WELL-PLEADED AND EXPLICITLY PREEMPTED BY THE FCRA ................................................................... 13

VI.     CONCLUSION .................................................................................................................. 15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aclys Int'l, LLC v. Equifax, Inc*.,
 2010 WL 1816248 (D. Utah May 5, 2010), aff'd, 438 F. App'x 689 (10th Cir.
 2011) ...................................................................................................................6

*Agu v. Rhea*,
 2010 WL 5186839 (E.D.N.Y. Dec. 15, 2010) .........................................................7

*Alfred Dunhill Ltd v. Interstate Cigar Co.*,
 499 F.2d 232 (2d Cir. 1974)..................................................................................13

*Ashcroft v. Iqbal*,
 556 U.S. 662, 129 S.Ct. 1937 (2009) .................................................................3, 4

*Barberan v. Nationpoint*,
 706 F.Supp.2d 408 (S.D.N.Y. Mar. 2, 2010).....................................................9, 10

*Belfiore v. Procter & Gamble Co.*,
 311 F.R.D. 29 (E.D.N.Y. 2015) ...........................................................................13

*Bell Atlantic v. Twombly*,
 550 U.S.544 (2007)...............................................................................................3

*Brown v. Card Service Center*,
 464 F.3d 450 (3d Cir. 2006)...............................................................................12

*Burns Int'l Sec. Servs., Inc. v. Int'l Union*,
 47 F.3d 14 (2d Cir. 1995) (per curiam)..................................................................4

*Cahlin v. General Motors Acceptance Corp*.,
 936 F.2d 1151 (11th Cir. 1991) .............................................................................7

*Chambers v. Time Warner, Inc.*,
 282 F.3d 147 (2d Cir. 2002)..................................................................................4

*Chavis v. Chappius*,
 618 F.3d 162 (2d Cir. 2010)..................................................................................4

*Cohen v. Equifax Information Services, LLC*,
 2019 WL 5200759 (S.D.N.Y. Sept. 13, 2019)........................................................7

*Comunale v. Home Depot, U.S.A., Inc.*,
 328 F. Supp. 3d 70 (W.D.N.Y. 2018) ...................................................................11

ii

*Dargahi v. Honda Lease Trust*,
370 Fed. App'x. 172 (2d Cir. 2010)...................................................................................4

*Davis v. Equifax Info. Servs. LLC*,
346 F. Supp. 2d 1164 (N.D. Ala. 2004) ............................................................................6

*Doherty v. Citibank (S. Dakota) N.A.*,
375 F. Supp. 2d 158 (E.D.N.Y. 2005) ............................................................................12

*Douglass v. Convergent Outsourcing*,
765 F.3d 299 (3d Cir. 2014)...........................................................................................12

*Gaft v. Mitsubishi Motor Credit of America*,
2009 WL 3148764 (E.D.N.Y. Sept. 29, 2009) ..................................................................7

*Gorman v. Experian Information Solutions, Inc.*,
2008 WL 4934047 (S.D.N.Y. Nov. 19, 2008)...................................................................7

*Holloway v. Bristol Myers Corp.*,
485 F.2d 986 (D.C.Cir.1973) ..........................................................................................13

*Houston v. TRW Info. Servs., Inc.*,
1989 WL 59850 (S.D.N.Y. May 2, 1989) .........................................................................5

*Huertas v. Galaxy Asset Mgmt.*,
641 F.3d 28 (3d Cir. 2011)...........................................................................................9, 10

*Kane v. Guaranty Residential Lending, Inc.*,
No. 04-CV-4847 (ERK), 2005 WL 1153623 (E.D.N.Y. 2005)........................................11

*Kinsey v. Bloomberg*,
2014 WL 630670 (S.D.N.Y. Feb. 18, 2014)......................................................................4

*L-7 Designs, Inc. v. Old Navy, LLC*,
647 F.3d 419 (2d Cir. 2011)..............................................................................................4

*Longman v. Wachovia Bank, N.A.*,
702 F.3d 148 (2d Cir. 2012)............................................................................................10

*McManamon v. Shinseki*,
2013 WL 3466863 (S.D.N.Y. July 10, 2013) ....................................................................5

*Moore v. New York Cotton Exchange*,
270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1925)............................................................13

*Morris v. Credit Bureau of Cincinnati, Inc.*,
563 F.Supp. 962 (S.D. Ohio 1983)), aff'd, 896 F.2d 543 (2d Cir.1990)............................5

iii

*Neptune v. Trans Union Corp.*,
1993 WL 505601 (E.D.Pa. Dec. 8, 1993), aff'd, 27 F.3d 558 (3d Cir.1994)............................5

*Nguyen v. Ridgewood Sav. Bank*,
66 F.Supp.3d 299 (E.D.N.Y. 2014) ........................................................................................10

*Nguyen v. Ridgewood Savings Bank*,
2015 WL 2354308 (E.D.N.Y. May 15, 2015) .........................................................................7

*Okocha v. HSBC Bank USA, N.A.*,
700 F. Supp. 2d 369 (S.D.N.Y. 2010).....................................................................................10

*Oliver v. U.S. Bancorp*,
2015 WL 4111908 (S.D.N.Y. July 8, 2015) ...........................................................................13

*Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*,
595 F.3d 86 (2d Cir. 2010).......................................................................................................3

*Peterson v. Equifax Info. Servs. LLC*,
2018 WL 7348859 (N.D. Ga. Dec. 27, 2018) ..........................................................................6

*Pugach v. Klein*,
193 F. Supp. 630 (S.D.N.Y. 1961) .........................................................................................13

*Ray v. Equifax Info. Servs., LLC*,
2008 WL 11322890 (N.D. Ga. Feb. 15, 2008) .........................................................................6

*Ritchie v. N. Leasing Sys., Inc.*,
No. 12-CV-4992 (KBF), 2016 WL 1241531 (S.D.N.Y. 2016), *aff'd sub nom.*
*Ritchie v. Taylor*, 701 F. App'x 45 (2d Cir. 2017) ................................................................11

*Sanguinetti v. JPMorgan Chase Bank Nat'l Ass'n*,
No. 20-CV-81023, 2020 WL 7765792 (S.D. Fla. Nov. 13, 2020) ..........................................13

*Selvam v. Experian Information Solutions, Inc.*,
2015 WL 1034891 (E.D.N.Y. Mar. 10, 2015) .........................................................................7

*Shostack v. Diller*,
No. 15-cv-2255-GBD-JLC, 2015 WL 5535808 (S.D.N.Y. Sept. 16, 2015).......................4, 13

*SimmsParris v. Countrywide Fin. Corp.*,
652 F.3d 355 (3d Cir. 2011)..........................................................................................8, 9, 10

*Sira v. Morton*,
380 F.3d 57 (2d Cir. 2004).......................................................................................................4

*Stewart v. Credit Bureau, Inc.*,
734 F.2d 47 (D.C. Cir. 1984) ...................................................................................................7

iv

*Tepper v. Amos Fin., LLC*,
    898 F.3d 364 (3d Cir. 2018)................................................................................12

*Triestman v. Fed. Bureau of Prisons*,
    470 F.3d 471 (2d Cir.2006)..................................................................................4

*Trikas v. Universal Card Servs. Corp.*,
    351 F.Supp.2d 37 (E.D.N.Y. Jan. 3, 2005) ....................................................9, 10

*Walker v. Schult*,
    717 F.3d 119 (2d Cir.2013)...................................................................................4

*Whelan v. Trans Union Credit Reporting Agency*,
    862 F.Supp. 824 (E.D.N.Y. 1994) .....................................................................5, 7

*Wynn-Bey v. Talley*,
    No. CIV.A. RWT-12-3121, 2012 WL 5986967 (D. Md. Nov. 28, 2012) ...............14

## Statutes

15 U.S.C. § 1681..................................................................................................5, 10

15 U.S.C. § 1681s-2 ........................................................................................ *passim*

15 U.S.C. § 1681s-2(a).................................................................................2, 8, 9, 10

15 U.S.C. § 1681s-2(a)(1)(A) ...............................................................................8, 9

15 U.S.C. § 1681s-2(a)(1)(B) ..................................................................................10

15 U.S.C. § 1681s-2(a)(3) ........................................................................................10

15 U.S.C. § 1681s-2(b)................................................................................2, 9, 10, 11

15 U.S.C. § 1681s-2(c) ..............................................................................................9

15 U.S.C. § 1681s-2(d)........................................................................................9, 10

15 U.S.C. § 1681t......................................................................................................14

15 U.S.C. § 1692(e) ..................................................................................................11

15 U.S.C. § 1692a(6)................................................................................................12

15 U.S.C. § 1692a(6)(F) ...........................................................................................12

Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ........................................ *passim*

Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p *et seq.* ...........2, 11, 12, 13

v

Federal Trade Commission Act, 15 U.S.C. § 45(a) ...................................................2, 13

**Other Authorities**

10A Fletcher Cyc. Corp. § 4985: 56V(C)(4) (Sept. 2015) ...........................................13

Fed. R. Civ. P. 12(b)(6).............................................................................................1, 3

Fed. R. Civ. P. 12(c) .................................................................................................1, 4

Federal Rules of Civil Procedure Rule 8 ..............................................................2, 14

70797676v.1

Defendants Equifax Information Services LLC ("Equifax"), Trans Union, LLC ("Trans Union"), Experian Information Solutions ("Experian"), and New York SMSA Limited Partnership d/b/a Verizon Wireless ("Verizon") (together "Defendants"), by their counsel, and pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c), respectfully submit this Memorandum in support of their Joint Motion To Dismiss And For Judgment On The Pleadings (the "Motion").[1]

## PRELIMINARY STATEMENT

The Motion should be granted in this case where pro se Plaintiff Eric Andrew Perez ("Plaintiff") falsely alleges that Defendants are engaged in an elaborate scheme linked with a "luciferian [sic] con man" to track, monitor and manipulate his life – including, among other false and fanciful allegations – that Defendants have instructed invisible informants to break into his apartment to erase items from his computer and steal his mail, on the following grounds:

A.      Plaintiff fails to state a claim for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (the "FCRA"), because:

    i.      Case law holds that a consumer reporting agency cannot be liable for its reporting of employment information since such information does not bear on a consumer's creditworthiness and, even if it did, a consumer reporting agency has no affirmative duty to report additional employment information;

    ii.     Plaintiff has not and cannot allege that the consumer reporting agencies violated the FCRA, especially since Plaintiff believes any inaccurate reporting was the resulted of a false and fanciful allegation that Defendants were engaged in a "criminal conspiracy";

---

[1] Defendant Equifax has not yet filed its Answer and makes this motion pursuant to Rule 12(b)(6). Defendants Experian, Trans Union, and Verizon have filed an Answer to the Complaint and therefore make this motion pursuant to Rule 12(c). On May 14, 2021, and May 17, 2021, for the sake of efficiency and in order to save the parties and the Court time and resources, Trans Union and Experian filed a letter-motions under separate cover requesting leave of Court to join this Motion. Based on the Court's Individual Rules and Practices, Rule 3(A), providing that "[p]re-motion conferences are not required, except for motions concerning discovery ... and for summary judgment motions," Verizon did not file any letter requesting a pre-motion conference prior to joining in this Motion. Trans Union, Experian, and Verizon appreciate the Court's courtesies to reduce the burden of unnecessarily setting a briefing schedule on a separate identical motion.

      iii.     Plaintiff's Section 1681s-2 claims fail because Equifax, Experian, and Trans Union are not furnishers of information;

      iv.     Plaintiff's Section 1681s-2(a) claim against Verizon fails because there is no private right of action to assert it; and

      v.     Plaintiff's Section 1681s-2(b) claim against Verizon fails because Plaintiff fails to allege that Verizon was ever notified of Plaintiff's dispute by any consumer reporting agency.

B.     Plaintiff fails to state a claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (the "FDCPA"), since Defendants are not debt collectors;

C.     Plaintiff fails to state a claim for violation of the Federal Trade Commission Act, 15 U.S.C. § 45(a) (the "FTC Act"), since the act does not provide for a private right of action; and

D.     Plaintiff fails to state any state law claims because Plaintiff cannot seek to enforce criminal statutes and Plaintiff's alleged defamation claims are not well-plead pursuant to Rule 8 of the Federal Rules of Civil Procedure and, even if they were, such claims are expressly preempted by the FCRA.

## FACTUAL & PROCEDURAL HISTORY

Plaintiff *pro se* filed the Complaint on October 30, 2020. (ECF No. 2). Plaintiff's Complaint alleges that Equifax, Experian, and Trans Union (the "CRA Defendants") have "continuously, illegally and maliciously misreported accounts to plaintiff's credit file as part of [a] civil criminal conspiracy…" (ECF No. 2. at ¶ 27). Specifically, Plaintiff's allegations relate to the alleged reporting of his work history and other information relating to his credit accounts. (*Id*. at ¶¶ 28-29). Plaintiff further alleges that the CRA Defendants have "arbitrarily assigned credit scores based on the needs and illicit goals of a combination of federal and state agencies based on supporting their needs for my socio-economic oppression," and that it is "in collusion with unknown actors [to create] a racket and scheme to disenfranchise en masse various individuals whom they have targeted for illegal monetization and oppression." (*Id*. at ¶¶ 30-31). Plaintiff

70797676v.1

alleges that he "has reported these schemes perpetrated against him by a group of known criminal informants from Staten Island and their criminal law enforcement handlers." (*Id*. at ¶ 33).

As to Verizon, Plaintiff similarly alleges that Verizon "illegally and willfully provided access plaintiff [*sic*] Perez's service as cable, internet, and cell phone accounts illegally to informants and law enforcement without warrants," and in doing so was also a participant in the "racketeering scheme designed to single out, illegally segment, censor, socially & economically disenfranchise, and terrorize Perez over a number of years and in at least 3 different jurisdictions." (*Id*. at ¶ 35).   Verizon also allegedly "passed off the debt of an informant into his account and reported the illegal debt to all three of the credit bureaus after the debt was settled."  (*Id*. at ¶ 36).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a Complaint that fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic v. Twombly*, 550 U.S.544, 570 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citation omitted).  A Court should not accept as true conclusory legal allegations.  *Iqbal*, 556 U.S. at 678.  "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'"  *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). Pleadings that are no more than conclusions are not entitled to an assumption of truth. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 566 U.S. at 679.

To survive a motion for judgment on the pleadings pursuant to Rule 12(c), a plaintiff must plead sufficient allegations "to state a claim for relief that is plausible on its face." *Iqbal*, 566 U.S. at 678. "A grant of a motion pursuant to Rule 12(c) is proper 'if, from the pleadings, the moving party is entitled to judgment as a matter of law." *Dargahi v. Honda Lease Trust*, 370 Fed. App'x. 172, 174 (2d Cir. 2010) (quoting *Burns Int'l Sec. Servs., Inc. v. Int'l Union*, 47 F.3d 14, 16 (2d Cir. 1995) (per curiam)). "On a 12(c) motion, the Court considers the complaint, the answer, any written documents attached to them, and any manner of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quotation omitted). The Court may also review any document incorporated by reference in one of the pleadings. *Sira v. Morton,* 380 F.3d 57, 67 (2d Cir. 2004). The Court may also consider a document not specifically incorporated by reference, but on which the Complaint relies and which is integral to it. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

Importantly, while the Court must review a *pro se* plaintiff's Complaint liberally at the motion to dismiss stage, and "interpret [it] to raise the strongest claims that it suggests," a *pro se* plaintiff is nevertheless still required to satisfy the pleading requirements set out in *Iqbal* and *Twombly*. *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013). A Court "cannot invent factual allegations that [the pro se plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "While pro se complaints are read liberally 'to raise the strongest arguments they suggest,' they must still state a plausible claim for relief." *Shostack v. Diller*, No. 15-cv-2255-GBD-JLC, 2015 WL 5535808 (S.D.N.Y. Sept. 16, 2015) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.2006) (citation omitted); *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir.2013)). "Thus, a district court should dismiss a pro se plaintiff's complaint if it "fail[s] to meet minimum pleading requirements." *Shostack*, 2015 WL 5535808, at *3 (citing *Kinsey v. Bloomberg*, 2014

WL 630670, at *3 (S.D.N.Y. Feb. 18, 2014)). Indeed, a court "should not hesitate to dismiss a pro se complaint if it fails altogether to satisfy the pleading standard." *McManamon v. Shinseki*, 2013 WL 3466863, at *3-5 (S.D.N.Y. July 10, 2013) (granting motion to dismiss pro se complaint).

## ARGUMENT

I.  **PLAINTIFF FAILS TO STATE A CLAIM FOR A VIOLATION OF 15 U.S.C. § 1681 AGAINST THE CRA DEFENDANTS**

While Plaintiff's Complaint identifies the FCRA as a cause of action against the "CRA Defendants, it does little more to put the CRA Defendants on notice of what Plaintiff claims to be a violation of the law.  Plaintiff's Complaint instead identifies the following purported issues with his credit report: (1) that the CRA Defendants have "deliberately and maliciously reported plaintiff's incomplete work history for a number of years;" and (2) that an inaccuracy existed with respect to his tradelines from Best Buy, Capital Bank, Lead Bank, and Accion East.[2] Neither of these allegations suffice to state a claim upon which relief can be granted. See *Whelan v. Trans Union Credit Reporting Agency*, 862 F.Supp. 824, 829 (E.D.N.Y. 1994) (citing *Houston v. TRW Info. Servs., Inc*., 1989 WL 59850 (S.D.N.Y. May 2, 1989) (citing *Morris v. Credit Bureau of Cincinnati, Inc.*, 563 F.Supp. 962, 967 (S.D. Ohio 1983)), aff'd, 896 F.2d 543 (2d Cir.1990); see also *Neptune v. Trans Union Corp*., 1993 WL 505601, at *1–2 (E.D.Pa. Dec. 8, 1993) (articulating same requirements), aff'd, 27 F.3d 558 (3d Cir.1994).

### A.     *A CRA is not Obligated to Report "Complete" Employment Information.*

First, with regard to Plaintiff's allegation that the CRA Defendants reported an "incomplete work history," this claim fails as a matter of law because the CRA Defendants do not have an affirmative duty to report every piece of consumer information about an individual. See, e.g.,

---

[2] Plaintiff makes reference to tradelines with Care Credit and "Educational Accounts," but per his pleading, Plaintiff appears to indicate these tradelines were reporting accurately. (See Complaint, ¶ 29).

*Peterson v. Equifax Info. Servs. LLC*, 2018 WL 7348859, at *8 (N.D. Ga. Dec. 27, 2018) ("The FCRA does not require a consumer reporting agency to add new accounts at a consumer's request; the FCRA only allows consumers to dispute the accuracy or completeness of existing information in the credit file."); *Aclys Int'l, LLC v. Equifax, Inc.*, 2010 WL 1816248, at *3 (D. Utah May 5, 2010) ("[The] FCRA does not require credit reporting agencies to include all relevant information about an individual…."), aff'd, 438 F. App'x 689 (10th Cir. 2011); *Ray v. Equifax Info. Servs., LLC*, 2008 WL 11322890, at *8 (N.D. Ga. Feb. 15, 2008) ("[c]onsumer reporting agencies are not required to include all existing or derogatory or favorable information about a consumer in their reports"); *Davis v. Equifax Info. Servs. LLC*, 346 F. Supp. 2d 1164, 1171–72 (N.D. Ala. 2004) ("The FCRA does not specifically require a reporting agency to affirmatively add credit data to a report.").

Here, Plaintiff simply alleges that the CRA Defendants failed to report his *complete* work history. (See Complaint, ¶ 28). However, Plaintiff does not make any allegation that the information reported about his work history was otherwise inaccurate. Consequently, Plaintiff has failed to state a claim and his allegations related to the reporting of his work history should be dismissed.

> **B.** **Plaintiff Fails to State a Claim That The CRA Defendants Did Not Comply With The FCRA**

Setting his work history aside, Plaintiff alleges certain indistinct inaccuracies in his Equifax, Experian, and Trans Union credit reports. (See Complaint, ¶ 29). In some of these allegations, he points out that multiple tradelines in his reports were, in fact, being reported accurately. *Id.* Nevertheless, Plaintiff does not allege to have submitted any disputes to any of the CRA Defendants about the tradelines referenced in his Complaint.

As an initial matter, dispositive of this case is the fact that Plaintiff makes no allegation that the CRA Defendants failed to meet their obligations under the FCRA. "…[T]he FCRA does not make reporting agencies strictly liable for all inaccuracies." *Whelan v. Trans Union Credit Reporting Agency*, 862 F.Supp 824, 831 (E.D.N.Y. Sept. 8, 2004) (citing *Cahlin v. General Motors Acceptance Corp*., 936 F.2d 1151, 1156 (11th Cir. 1991). Even if the information contained in the challenged credit report is inaccurate, "a credit reporting agency is not held strictly liable under the FCRA merely for reporting it." *Whelan*, 862 F.Supp. at 829 (citing *Cahlin*, 936 F.2d at 1156; *Stewart v. Credit Bureau, Inc.*, 734 F.2d 47, 51 (D.C. Cir. 1984); *Gorman*, 2008 WL 4934047, at *4 (S.D.N.Y. Nov. 19, 2008); *Cohen v. Equifax Information Services, LLC,* 2019 WL 5200759, at *5 (S.D.N.Y. Sept. 13, 2019) (citing *Whelan*, 862 F. Supp. at 829) (plaintiff must present some evidence from which a jury could find that an inaccuracy was the result of a violation of the FCRA). See also *Gaft v. Mitsubishi Motor Credit of America*, 2009 WL 3148764, at *9 (E.D.N.Y. Sept. 29, 2009) (dismissing plaintiff's complaint for failure to present evidence of CRA's failure to follow reasonable procedures); *Selvam v. Experian Information Solutions, Inc.*, 2015 WL 1034891, at *3–4 (E.D.N.Y. Mar. 10, 2015) (dismissing FCRA claims against consumer reporting agency when plaintiff failed to explain how defendant willfully or negligently violated the statute, and did not set forth how consumer reporting agency acted unreasonably with respect to disputed information); *Agu v. Rhea*, 2010 WL 5186839, at *6 (E.D.N.Y. Dec. 15, 2010) (dismissing FCRA claim against consumer reporting agencies because plaintiff "rests his claim on a combination of nonspecific, conclusory allegations about 'false' or 'derogatory' statements); *Nguyen v. Ridgewood Savings Bank*, 2015 WL 2354308, at *11 (E.D.N.Y. May 15, 2015) (dismissal of complaint where "Plaintiffs' conclusory and broad allegations of fraud and deceptive practices,

without explanation of how Defendants willfully or negligently violated the FCRA, do not suffice to state a claim under the statute.).

Rather than attribute alleged inaccuracies to a violation of the FCRA, Plaintiff instead contends that the cause of any issues with his credit report arise from "a criminal conspiracy" whereby Defendants are engaged in a scheme "linked to an unnamed quasi-government (luciferian) [sic] con man whom [sic] is illegally involved in the deprivations [sic] of Plaintiff's rights, services, and deliberately charged with the socio economic oppression of the plaintiff …." (See Complaint, ¶¶ 25-27, 30-33, 45, 48, 51). Despite the fact that such allegations are completely divorced from reality, Plaintiff has failed to plead any allegations or other necessary elements sufficient to state an FCRA claim. Indeed, Plaintiff has not even identified any applicable provision of the FCRA that is alleged to have been violated by the CRA Defendants that relates to obligations by a consumer reporting agency. For each of these reasons, Plaintiff's FCRA claims against the CRA Defendants should be dismissed in its entirety.

### C.   The CRA Defendants Are Not Furnishers of Information Subject to Section 1681s-2 of the FCRA

To the extent that Plaintiff is attempting to allege that the CRA Defendants violated Section 1681s-2 of the FCRA, such claims fail because Equifax, Experian, and Trans Union are consumer reporting agencies ("CRA"), and are not subject to liability under that statutory provision. "The FCRA places certain duties on those who *furnish* information *to* consumer reporting agencies." *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (emphasis added); *see also* 15 U.S.C. § 1681s-2. Under Section 1681s-2(a), for example, a furnisher of information has a duty to provide accurate information to CRAs. 15 U.S.C. § 1681s-2(a). In particular, Section 1681s-2(a)(1)(A), which Plaintiff cites in his Complaint, prohibits furnishers of information from reporting information to a CRA "if the person knows or has reasonable cause to believe that the

information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). In addition, Section 1681s-2(b) imposes duties on furnishers of information when they receive notice of a dispute, including the requirement that they "conduct an investigation with respect to the disputed information" and, if they find that the information is incomplete or incorrect, notify all CRAs to which the information was furnished and modify, delete, or permanently block the reporting of the information, as appropriate. 15 U.S.C. § 1681s-2(b).

Here, Plaintiff attempts to allege a claim against Equifax, Experian, and Trans Union for failing to accurately report information on his credit report, in violation of Section 1681s-2(a)(1)(A). (See Complaint, ¶¶ 45, 48, 51). However, Section 1681s-2 only applies to "furnishers of information," such as entities that provide credit to consumers and that report information regarding consumers to CRAs.  See 15 U.S.C. § 1681s-2. The CRA Defendants are not "furnishers of information," and, therefore, Section 1681s-2 does not apply. Accordingly, Plaintiff has failed to state a claim under Section 1681s-2 of the FCRA, and such claim should be dismissed with prejudice.

Moreover, Plaintiff's claim under Section 1681s-2(a) fails because there is no private right of action for alleged violations of Section 1681s-2(a). *Barberan v. Nationpoint,* 706 F.Supp.2d 408, 427 (S.D.N.Y. Mar. 2, 2010); *Trikas v. Universal Card Servs. Corp.*, 351 F.Supp.2d 37, 44 (E.D.N.Y. Jan. 3, 2005); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011).  The exclusive remedy for violations of Section 1681s-2(a) is through administrative enforcement by the government.  *SimmsParris*, 652 F.3d at 357; see also 15 U.S.C. § 1681s-2(c), (d). Therefore, any claims Plaintiffs attempt to bring under Section 1681s–2(a) of the FCRA fail as a matter of law.[3]

---

[3] Even if Plaintiff could establish a claim under the FCRA, which he cannot, Plaintiff is not entitled to the injunctive relief he seeks (see Complaint ¶ 59) since it is well settled that injunctive relief is not available under the FCRA.  See,

9

## II.     PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF 15 U.S.C. § 1681 AGAINST VERIZON

While Verizon is a "furnisher" of information for purposes of the FCRA, Plaintiff's claims that Verizon violated its obligations under 15 U.S.C. § 1681s-2 fail in their entirety.  First, Counts I and III fail because there is no private right of action to assert any alleged violations of 15 U.S.C. § 1681s-2(a).  Second, Count II fails because Plaintiff does not allege, as required for claims against a furnisher under 15 U.S.C. § 1681s-2(b), that Verizon was ever notified by any consumer reporting agency that any information was specifically disputed by Plaintiff.

### A.     *Counts I and III Against Verizon Fail Because There Is No Private Right of Action for Any Alleged Violation of Section 1681s-2(a) of the FCRA*

In Counts I and III, Plaintiff seeks to hold Verizon liable for alleged violations of 15 U.S.C. §§ 1681s-2(a)(1)(B) and 1681s-2(a)(3), respectively.  (See Complaint, ¶¶ 45 and 51).  However, as set forth above, there is no private right of action for violations of Section 1681s-2(a).  *Nguyen v. Ridgewood Sav. Bank*, 66 F.Supp.3d 299, 304 (E.D.N.Y. 2014), quoting *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) ("There is no private cause of action for violations of Section 1681s-2(a)."); *Barberan*, 706 F.Supp.2d at 427; *Trikas*, 351 F.Supp.2d at 44; *Huertas*, 641 F.3d at 34.  Instead, Section 1681s-2(a) is "enforced exclusively … by the Federal agencies and officials and [certain] State officials."  15 U.S.C. § 1681s-2(d); *SimmsParris*, 652 F.3d at 357.[4]

---

e.g., *Okocha v. HSBC Bank USA, N.A.*, 700 F. Supp. 2d 369, 374 (S.D.N.Y. 2010) ("Injunctive and declaratory relief, however, are not available under Section 1681.").

[4] Plaintiff is further prohibited from the injunctive relief he seeks against Verizon (*see* Complaint ¶ 59), or any injunctive relief whatsoever sought in his Complaint, since injunctive relief is not available under the FCRA.  *See supra*, fn 4; *Okocha,* 700 F. Supp. 2d at 374.

10

### B.    Count II Fails to State a Claim Against Verizon Under Section 1681s-2(b) of the FCRA

In Count II, Plaintiff purports to assert a violation of 15 U.S.C. § 1681s-2(b) against alleged furnishers of information – Verizon, Citibank and Sequium, indiscriminately referring to all three entities as "CVS."  (*See* Complaint, ¶ 42, fn 4).  "Under [Section 1681s-2(b)], once a credit reporting agency gives notice to an information furnisher, the furnisher must conduct an investigation into the information in question, and must disseminate the results of that investigation."  *Comunale v. Home Depot, U.S.A., Inc.*, 328 F. Supp. 3d 70, 78 (W.D.N.Y. 2018) (quoting *Kane v. Guaranty Residential Lending, Inc.*, No. 04-CV-4847 (ERK), 2005 WL 1153623, at *4 (E.D.N.Y. 2005).  Here, however, Plaintiff does not allege anywhere in the Complaint that any consumer reporting agency gave such notice of dispute to Verizon.  In fact, Plaintiff does not even allege that he ever submitted such a dispute with any consumer reporting agency to begin with.  (*See* Complaint, ¶¶ 46-47).  *Ritchie v. N. Leasing Sys., Inc.*, No. 12-CV-4992 (KBF), 2016 WL 1241531, at *16 (S.D.N.Y. 2016), *aff'd sub nom. Ritchie v. Taylor*, 701 F. App'x 45 (2d Cir. 2017) (A furnisher's actual receipt of plaintiff's dispute is "the crucial step that triggers [furnishers'] obligations under 15 U.S.C. § 1681s-2(b)."); *Comunale,* 328 F. Supp. 3d at 78, quoting *Kane,* 2005 WL 1153623, at *4 ("Notice from an individual consumer, in the absence of notice from a credit reporting agency, is insufficient to trigger the duties contained in [Section 1681s-2](b).")

## III.    DEFENDANTS ARE NOT DEBT COLLECTORS SUBJECT TO LIABILITY UNDER THE FDCPA

Plaintiff's claims under the Federal Debt Collection Practices Act ("FDCPA") fail because Defendants are not "debt collectors" within the meaning of the FDCPA.  The FDCPA was enacted, in part, to "eliminate abusive debt collection practices by debt collectors . . . ."  15 U.S.C. § 1692(e).  To that end, the FDCPA creates a private cause of action against debt collectors who violate its

11

provisions.  *Brown v. Card Service Center*, 464 F.3d 450, 453 (3d Cir. 2006).  "Importantly, [the FDCPA] applies only to debt collectors."  *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018).  Therefore, to be held liable for a violation of the FDCPA, a defendant must, as a threshold requirement, fall within the FDCPA's definition of a "debt collector."  See *Id.*; *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  The term "debt collector" does not include a consumer reporting agency like Equifax, Experian, or Trans Union.  See *Id.*  The term "debt collector" also does not include creditors such as Verizon.[5]  15 U.S.C. § 1692a(6)(F) (excluding from definition of "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity … concerns a debt which was originated by such person."); *Doherty v. Citibank (S. Dakota) N.A.*, 375 F. Supp. 2d 158, 161 (E.D.N.Y. 2005) ("a plain reading of the statute reveals that generally, as a matter of law, 'creditors are not subject to the FDCPA.").

Here, Plaintiff does not and cannot allege that any Defendant is a "debt collector" under the FDCPA. (See generally Plaintiff's Complaint (ECF No. 2)).  Moreover, Plaintiff alleges no facts to support the conclusion that the "principal purpose" of Equifax's, Experian's Trans Union's, or Verizon's business is debt collection, or that Equifax, Experian, Trans Union, or Verizon regularly collect or attempt to collect debts owed to another.  See 15 U.S.C. § 1692a(6)

---

[5] *See* Complaint, ¶¶ 29 ("Defendants Experian, Equifax, and Trans Union are … reporting … my credit accounts … [including] Verizon Wireless: $421.")

(defining "debt collector").  Accordingly, Plaintiff's FDCPA claims fail as a matter of law and should be dismissed with prejudice.

## IV.   PLAINTIFF'S CLAIMS UNDER THE FTC ACT AGAINST DEFENDANTS FAIL AS THERE IS NO PRIVATE RIGHT OF ACTION FOR PLAINTIFF UNDER THIS STATUTE

Likewise, Plaintiff's claim for violation of Section 5(a) of the FTC Act (*i.e.*, 15 U.S.C. § 45(a)), while not likely directed at the CRA Defendants, would nonetheless fail as against either of them, and also fails against Verizon, because the statute "does not provide for a private right of action." *Shostack*, 2015 WL 5535808, at *9 (citing *Alfred Dunhill Ltd v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974), *Oliver v. U.S. Bancorp*, 2015 WL 4111908, at *6 (S.D.N.Y. July 8, 2015)) (see also *Moore v. New York Cotton Exchange*, 270 U.S. 593, 603, 46 S.Ct. 367, 70 L.Ed. 750 (1925); *Belfiore v. Procter & Gamble Co.*, 311 F.R.D. 29, 77 (E.D.N.Y. 2015), *quoting* 10A Fletcher Cyc. Corp. § 4985: 56V(C)(4) (Sept. 2015) ("Because the only relief that the Federal Trade Commission Act provides is before the Commission, it affords no support whatsoever for a private cause of action."); *Holloway v. Bristol Myers Corp.*, 485 F.2d 986 (D.C.Cir.1973)).

## V.   PLAINTIFF'S STATE-LAW CLAIMS ARE NOT WELL-PLEADED AND EXPLICITLY PREEMPTED BY THE FCRA

Finally, Plaintiff makes various references to defamation and identity theft under civil and criminal statutes. (See Complaint, ¶¶ 67-69, 83).  As an initial matter, it is well settled that Plaintiff, as a civil litigant, cannot seek to enforce compliance with any criminal code.  See, e.g., *Sanguinetti v. JPMorgan Chase Bank Nat'l Ass'n*, No. 20-CV-81023, 2020 WL 7765792, at *9 (S.D. Fla. Nov. 13, 2020) ("It is a longstanding principle of American jurisprudence that a civil litigant generally cannot seek the enforcement of criminal statutes.").  Rather, "criminal statutes can only be enforced by the proper authorities."  *Id.*; see also *Pugach v. Klein*, 193 F. Supp. 630, 634 (S.D.N.Y. 1961) ("The prerogative of enforcing the criminal law was vested by the Constitution, therefore,

13

not in the Courts, nor in private citizens, but squarely in the executive arm of the government.").

Therefore, Plaintiff's alleged "criminal negligence" claims fail in their entirely.

As related to Plaintiff's purported defamation claims, such claims are (1) not well-plead

pursuant to Rule 8 of the Federal Rules of Civil Procedure, and, even if they were, (2) are expressly

preempted by the FCRA. First, the entirety of Plaintiff's alleged defamation claim is that "Plaintiff

suffers from character defamation." See Complaint ¶ 83. However, Plaintiff provides no factual

support as to what statement was made, when, by whom, to whom, how such statement was false

and exactly how Plaintiff was damaged. See generally *id.* To the extent Plaintiff might wish for

the parties and the Court to attempt to interpret his prior statements as providing such support, it

is entirely unclear. Even so, it is well settled that a court is not required to do this. See, e.g., *Wynn-

Bey v. Talley*, No. CIV.A. RWT-12-3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012) ("A

Court is not obliged to ferret through a Complaint, searching for viable claims."). Indeed, such a

practice "places an unjustifiable burden on defendants to determine the nature of the claim against

them and to speculate on what their defenses might be and imposes a burden on the court to sort

out the factual basis of any claims fairly raised." *Id.*

Even if such claims were well pleaded, the FCRA makes clear that common law

defamation is preempted unless such claims are based in malice or a willful intent to injure. *See*

15 U.S.C. § 1681t (no "requirement of prohibition may be imposed under the laws of any State"

with respect to "any subject matter regulated under 15 U.S.C. § 1681s-2"), 1681h(e) (no cause of

action for common law claims against consumer reporting agencies for their credit reporting

activities unless the claims are based in malice or willful intent to injure.)). Beyond Plaintiff's

false conclusion that Defendants "deliberately engineered" a plan to for the denial of the extension

of credit (see Complaint ¶ 79), Plaintiff has not and cannot allege any facts based in reality to

demonstrate that Defendants acted with the required malice or willful intent to injure. See generally *id.* Plaintiff's common law claims for defamation are therefore preempted by the FCRA, as there are no allegations in Plaintiff's Complaint that suffice to meet this standard.

## VI.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion, dismiss Plaintiff's Complaint with prejudice, and grant any other relief the Court may deem appropriate.

70797676v.1

Dated: May 17, 2021                                   Respectfully submitted,


By:  */s/ Courtney Stieber*
     Courtney Stieber
     SEYFARTH SHAW LLP
     620 Eighth Avenue
     New York, New York 10018
     (212) 218-5500

     *Attorney for Defendant*
     *Equifax Information Services LLC*


By:  McGIVNEY, KLUGER, CLARK &
     INTOCCIA, P.C.

     *Howard A. Fried*

     Howard A. Fried. Esq. (HAF2114*)*
     *Attorneys for Defendant*
     **NEW YORK SMSA LIMITED
     PARTNERSHIP, D/B/A VERIZON
     WIRELESS**
     80 Broad Street, 23rd Floor
     New York, NY 10004
     (212) 509-4420
     *hfried@mkcilaw.us.com*


By:  */s/ Camille R. Nicodemus, Esq.*
     Camille R. Nicodemus, Esq.  (NY#
     2807451)
     Schuckit & Associates, P.C.
     4545 Northwestern Drive
     Zionsville, IN, 46077
     Telephone:  (317) 363-2400
     Fax:  (317) 363-2257
     E-Mail:  cnicodemus@schuckitlaw.com

     *Counsel for Defendant Trans Union LLC*

By:   */s/ Cealagh P. Fitzpatrick, Esq.*
Cealagh P. Fitzpatrick, Esq.  (NY# 5635453)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone:  (212) 326-3648
E-Mail: cfitzpatrick@jonesday.com

*Counsel for Defendant Experian Information Solutions, Inc.*

17