UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
ERIC ANDREW PEREZ, :
:
:
                 Plaintiff, :      20 Civ. 9119 (PAE) (JLC)
-v- :
:      <u>OPINION & ORDER</u>
EXPERIAN, *et al.*, :
:
                 Defendants. :
:
------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       Plaintiff Eric Andrew Perez brings this action alleging violations of the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Federal Trade Commission Act ("FTC Act") against Experian Information Solutions ("Experian"), Equifax Information Services LLC ("Equifax"), Trans Union, LLC ("Trans Union"), New York SMSA Limited Partnership d/b/a Verizon Wireless ("Verizon"), Sequium Asset Solutions ("Sequium"), the Federal Trade Commission ("FTC"), and Citibank, N.A. ("Citibank") (collectively, the "defendants").

       Currently pending is Sequium's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), Dkt. 61, and Experian, Equifax, Trans Union, and Verizon's joint motion to dismiss under Rule 12(b)(6) and motion on the pleadings under Rule 12(c), Dkt. 64.[1] Before the Court is the October 14, 2021 Report and Recommendation of the Hon. James L. Cott, United States Magistrate Judge, recommending that the Court grant these motions, but that Perez be given leave to file an amended complaint as to some of his claims. Dkt. 82 (the

---

[1] Citibank has not responded to the complaint to date, and the Court previously dismissed all claims against the FTC. Dkt. 82 ("Report") at 1 n.1.

"Report"). The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts this recommendation and extends Perez's time to file an amended complaint.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. UPS*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report and Recommendation strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). "This is so even in the case of a *pro se* petitioner." *Perez v. Mason Tenders Dist. Council Tr. Funds*, No. 17 Civ. 1022 (PAE) (AJP), 2017 WL 5125542, at *2 (S.D.N.Y. Nov. 1, 2017), *aff'd*, 742 F. App'x 584 (2d Cir. 2018). Further, "[c]ourts generally do not consider new evidence raised in objections to a magistrate

judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (collecting cases).

Because neither Perez nor the defendants have submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Cott's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. The Report explicitly states that failure to object within 14 days will result in a waiver of objections and will preclude appellate review. Report at 35. Accordingly, the failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Cott's report and recommendation in its entirety and grants defendants' motions. The Court grants leave to Perez to file an amended complaint, as set out in the Report, within 60 days of this decision.[2]

The Clerk of the Court is respectfully directed to close the motions pending at docket entries 61 and 64.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: November 2, 2021
New York, New York

---

[2] On October 26, 2021, Perez submitted a letter on this docket requesting an extension of time to file an amended complaint. Dkt. 83. The Report recommended granting Perez leave to replead certain claims within 30 days of this Court's decision. Report at 34. The Court hereby grants such leave.